[No. 36902.   Department One.   April 9, 1964.]

WILLIE J. HARRIS *et al., Appellants,* v. A. H. RIVARD *et al., Respondents,* JACK E. OWENS *et al., Intervenors.**

*Reported in 390 P. (2d) 1004.

*Felthous & Brachtenbach,* for appellants.

*Velikanje & Moore, by E. F. Velikanje,* for respondents.

RUMMEL, J.†—The plaintiffs, who are appellants here, seek specific performance of an earnest money agreement wherein they are purchasers, and the defendants, respondents here, are sellers. The only issue necessary to consider on this appeal is whether the defendant husband was mentally competent to enter into the agreement.

Although mental incompetency was pleaded as a defense, the plaintiffs proceeded in their case to present testimony concerning this issue by calling the defendants' doctor and a nurse who helped to care for the husband in a nursing home where he was confined on the date of the agreement.

At the conclusion of the plaintiffs' case, the court granted a motion by the defendants to dismiss, after stating that he was exercising the court's right to weigh the testimony at that stage rather than to apply the rule that the evidence must be considered in the light most favorable to the plaintiffs.

On May 30, 1961, Mr. Rivard, the defendant husband, suffered what is commonly known as a stroke. This resulted in a partial paralysis and was of such a serious nature that his doctor advised his family that death might be imminent. However, Mr. Rivard did improve so that he could be transferred from the hospital to a nursing home about June 27, 1961. The earnest money contract was entered into on August 15, 1961.

In this case, other parties who claimed a prior oral contract of purchase intervened, but because no appeal was taken from an adverse decision, the intervenors are not now before this court.

No question of value or overreaching is involved. The plaintiffs and the intervenors had each offered the same

†Judge Rummel is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

price. The trial court found for the plaintiffs on all issues except the incompetency of Mr. Rivard.

■   Both parties have relied on the test for mental competency set forth in the case of *Page v. Prudential Life Ins. Co.*, 12 Wn. (2d) 101, 109, 120 P. (2d) 527 (1942), which is:

"The rule relative to mental capacity to contract, therefore, is whether the contractor possessed sufficient mind or reason to enable him *to comprehend the nature, terms, and effect* of the contract in issue. In applying this rule, however, it must be remembered that contractual capacity is a question of fact to be determined at the time the transaction occurred  . . ." (Italics ours.)

The trial judge, in ruling on the motion to dismiss, rendered a very comprehensive oral decision in which he applied the rule of the *Page* case.

Part of the court's oral summary of the testimony of the doctor and of the court's reasoning upon the issue of incompetency is in these words:

"I feel that if we have a man, and the court is accepting the Doctor's testimony in this respect, who does not know the value of his property, his mental condition is such that he doesn't know that; if he doesn't know whether he is getting a fair value for what he is selling, he doesn't know if he is getting his money's worth, he doesn't know that the consideration is fair, then that man does not have, under the rule in the Page case or the rule here in C.J.S., the mental capacity to contract. Now, I haven't found a case— and I looked for some—that turns on that point, but what is more, what is more important in entering into a contract for the sale of property than the consideration that is received?  Now, this isn't a matter of poor judgment; this is a matter of inability to understand, to comprehend; a lack of mental ability.  How can we say that a person who doesn't know the value of his property, doesn't know whether he is getting a fair bargain, doesn't know whether the consideration is proper—has the mental ability, the mental competence to contract?"

The court also commented on other items of testimony indicating a confusion on the part of Mr. Rivard.

■   Ever since the case of *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn. (2d) 570, 575, 343 P. (2d) 183 (1959),

this court has refused to substitute its opinion for that of the trial court where there is substantial evidence before the court. This landmark case distinctly stated:

"The findings are amply sustained by the proofs. If we were of the opinion that the trial court should have resolved the factual dispute the other way, the constitution does not authorize this court to substitute its findings for that of the trial court. . . ."

In the case of *Most Worshipful Prince Hall Grand Lodge of Washington, F. & A. M. v. Most Worshipful Universal Grand Lodge, A. F. & A. M. of Washington*, 62 Wn. (2d) 28, 31, 381 P. (2d) 130, it is said:

" . . . The evidence upon this issue was in conflict, but there was substantial evidence to support the trial court's findings . . . This court cannot retry issues of fact where there is substantial evidence in the case to support the trial court's findings. [citing *Thorndike, supra*.] . . ."

We are of the opinion that there was substantial evidence before the trial court; he saw, heard, and evaluated the testimony, and observed the manner in which it was given. His oral decision indicates he carefully weighed and considered all of the testimony. His findings will stand undisturbed.

■ The plaintiffs contend that a guardian ad litem should have been appointed to represent Mr. Rivard at the trial if he was incompetent. At this time, they are hardly in a position to assert a lack of validity in the judgment arising out of any such lack in the proceedings. Under RCW 4.08.060, they had the right to apply for the appointment of a guardian ad litem. Although they were contending for a finding of competency, which would appear inconsistent with an application for such appointment, they could have so applied while expressly stating in their petition that their position was not waived in any way. The rights of Mr. Rivard were adequately represented and defended by Mrs. Rivard and counsel. This assignment is not well taken.

The judgment of dismissal is affirmed.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.