[No. 37161. Department Two. September 3, 1964.]

VIRGINIA LEE HOMES, INC., *Respondent*, v. SCHNEIDER & FELIX CONSTRUCTION CO., INC., *et al.*, *Appellants*.*

*Don G. Abel* and *Jennings P. Felix*, for appellants.

*Lewis S. Armstrong* and *Caley & Armstrong*, for respondent.

CUSHING, J.†—Virginia Lee Homes, Inc., a Washington corporation, was in the business of manufacturing homes and on June 22, 1959, entered into a contract with appellant corporation, Schneider & Felix Construction Co., Inc., a Washington corporation, by which it agreed to sell and deliver the component parts of a house to the appellant corporation for erection on a new subdivision north of Tacoma, Washington.

On June 24, 1959, at Seattle, the defendant Felix, an attorney at law and secretary-treasurer of appellant cor-

*Reported in 395 P. (2d) 99.

---

†Judge Cushing is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

poration, prepared a nonnegotiable promissory note[1] in the sum of $5,990, plus Washington sales tax, 6 per cent interest from June 24, 1959, until paid, and a provision for reasonable attorneys' fees in case action is commenced to collect the note. This note also contained the following words: "immediately upon mortgage after date, without grace, for value received I promise to pay . . ."

During the negotiations and after, the matter of financing was discussed between Fred Dally, president of respondent corporation, and Schneider and Felix. Mr. Dally testified:

"As I mentioned before, there is some question relative to how they would pay for this and they had no mortgage. Also, the property was somewhat of a question. There was a lease deal that existed on the property, and I do not believe that they had title to it. These were questions that I brought up and decided that Mr. Felix and Mr. Schneider would sign a note and endorse it personally, and we would proceed with the order."

The note was delivered to respondent without the endorsement of Jennings P. Felix and Lester E. Schneider, so it was returned to them and they placed their endorsements thereon and later had the same delivered to Mr. Dally. The house was then delivered in the early part of September, 1959, and the trial court found that the house was in all respects complete and of the grade and quality in compliance with the agreement except as to two items and, therefore, allowed $211.56 as an unliquidated setoff against the amount due on the note.

After numerous inquiries as to whether or not a mortgage had been obtained, respondent corporation learned that Mr. Felix had personally placed a mortgage on the property in November, 1960, and as found by the trial judge:

"By some means not clear to the court, the defendant, Felix, obtained title to the property which had been furnished by the plaintiff and personally obtained a mortgage in the sum of $17,000.00, and the defendant,

---

[1]This promissory note is nonnegotiable because it is payable from a specific fund and not payable at a fixed or determinable future time. RCW 62.01.003 and .004.

Schneider, obtained fee title to several of the lots in the development, leaving the corporation insolvent."

Based on these facts, judgment was granted against Schneider & Felix Construction Co., Inc., and against the defendants Felix and Schneider and their respective marital communities for the face amount of the note in the sum of $5,990, and attorneys' fees and costs, less the setoff of $211.56, with interest on the net balance. Through inadvertence, judgment was entered against the respective spouses of the appellants and this was clearly error and admitted by the respondent.

Appellants contended at the trial and on this appeal that:

(1) The note is nonnegotiable and no liability attaches to one who "endorses" a nonnegotiable document.

(2) There is no contract between respondent and appellants Schneider and Felix.

(3) The individual wives and the marital communities are not liable.

(4) More offsets should have been allowed.

■ The contention that the marital communities are not liable is not supported by either the facts or the law. The trial court found that "all acts of the defendants were done for and on behalf of their respective marital communities." This finding is amply supported by the record. A husband's acts performed for the benefit of the community are binding upon the community. *Chase v. Beard*, 55 Wn. (2d) 58, 346 P. (2d) 315; *Catlin v. Mills*, 140 Wash. 1, 247 Pac. 1013, 47 A.L.R. 545.

We do not discuss the matter of presentment and dishonor under the negotiable instruments law because the note executed and delivered was not a negotiable instrument.

■ As a general rule, the nature and extent of the liability of a person other than the payee or transferee who endorses a nonnegotiable note before delivery depend upon the intention or understanding of the parties. When established, the intention is determinative of the liability of such endorsers. According to the overwhelming weight of

authority, a person other than the payee or transferee of a nonnegotiable promissory note who endorses it in blank before delivery is thereby rendered liable to the payee or holder. 11 Am. Jur. (2d), Bills and Notes § 640, p. 705.

The trial court found from the evidence that the parties agreed that Schneider and Felix, the makers who endorsed the note, would personally guarantee payment.

The trial court found, finding No. 6:

"That the plaintiff delivered to the defendants the package home for which the non-negotiable promissory note had been issued. That said home was in all respects complete and of the grade and quality in accordance with plaintiff's agreement with the defendants to furnish the same, except that as the result of defective workmanship or other defective performance by the plaintiff, Items 2 and 6 of Exhibit 13, in the total sum of $211.56, should be allowed the defendants as an unliquidated counter claim or set-off against the amount due on the face of the non-negotiable note."

■ This court has repeatedly held that the findings of the trial court will not be disturbed on appeal, if there is substantial evidence to sustain them. *Socony Mobil Corp. v. Forbes, ante* p. 369, 391 P. (2d) 971; *Harris v. Rivard, ante* p. 173, 390 P. (2d) 1004. The evidence before the trial court was convincing and substantial and supports the findings.

The judgment against the wives of the individual appellants, being entirely by mistake and inadvertence and not having been called to the court's attention, will be corrected and that part of the judgment set aside. The judgment awarded by the trial court against Schneider & Felix Construction Co., Inc., and against Jennings P. Felix and Lester E. Schneider and their respective marital communities is hereby affirmed.

OTT, C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.

November 16, 1964. Petition for rehearing denied.