[No. 38726.   Department Two.   March 31, 1967.]

GLENN L. MCDONALD, *Appellant,* v. JAMES E. PARKER *et al.,*
*Respondents,* ALMA FARRINGTON *et al., Defendants.**

*Joseph D. Holmes,* for appellant.

*Gould, Satterberg & Mitchell,* by *Richard A. Satterberg,*
for respondents.

LANGENBACH, J.†—Appellant sued defendants as members
of a defunct drapery partnership for moneys loaned. Mrs.
Farrington had at one time been appellant's wife. She was
disabled and needed a wheelchair to get about. Mrs. Parker
was an accomplished seamstress and had agreed to do the
work while Mrs. Farrington was general manager. The Far-
ringtons defaulted and judgment was entered against them
for $8,000. The Parkers resisted the action on the ground
that the moneys had been advanced to Mrs. Farrington
individually and that she used these funds as her share of
the partnership contribution. Judgment was entered against
the Parkers in the amount of $887.50 only, representing an
amount advanced by appellant for admittedly partnership
purposes. Appellant challenged the trial court's findings of
fact that the $8,000 was advanced to his former wife, Alma
Farrington, personally.

*Reported in 425 P.2d 910.

†Judge Langenbach is serving as a judge pro tempore of the Su-
preme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitu-
tion.

■ This is a factual appeal. This court cannot retry factual issues and its examination of the record goes no further than to determine whether there is substantial evidence to support the challenged findings and conclusions. If there is substantial evidence to support such findings, they become the established facts of the case and cannot be reexamined by this court.

We are of the opinion that there was substantial evidence before the trial court; he saw, heard, and evaluated the testimony, and observed the manner in which it was given. His oral decision indicates he carefully weighed and considered all of the testimony. His findings will stand undisturbed. *Harris v. Rivard,* 64 Wn.2d 173, 176, 390 P.2d 1004 (1964).

The judgment is affirmed.

FINLEY, C. J., OTT, HUNTER, and HAMILTON, JJ., concur.