THE COLORADO NATIONAL BANK OF DENVER, *Appellant,*
v. GARY M. MERLINO, ET AL, *Respondents.*

*Larry B. Feinstein,* for appellant.

*Casey, Pruzan & Kovarik* and *Martin Godsil,* for respondents.

SCHOLFIELD, J.—The Colorado National Bank of Denver (the Bank) appeals an order holding Gary M. Merlino separately liable for a judgment entered in favor of the Bank and declaring the assets of the Merlino marital community not subject to execution in satisfaction of the judgment. Gary and Donna Merlino move to dismiss the appeal, alleging the Bank failed to timely file a notice of appeal. We hold the notice of appeal was timely and affirm the judgment.

Gary and Donna Merlino are married residents of the state of Washington, having resided in Seattle throughout their marriage. All property owned by both Gary and Donna Merlino is community property.

On February 27, 1973, without the knowledge of his wife, Gary Merlino executed an agreement to purchase land in Colorado from Woodmoor Corporation for $58,500. He signed a promissory note secured by a deed of trust, paid $5,500 down, and made several monthly payments of $652.79 between May 1973 and October 1973. He then stopped making payments because the Woodmoor Corpo-

ration was not developing the property as promised. Prior to the sale, he had signed a customer purchase information report, which revealed his marital status and his net worth. Although all documents for this transaction were executed by Gary Merlino in Washington, the deed was executed by Woodmoor in Colorado.

The promissory note was assigned to Colorado National Bank of Denver on June 27, 1973, and in January 1974, Woodmoor Corporation initiated bankruptcy proceedings. The Bank did not notify Gary Merlino of the assignment until November 25, 1975. Gary Merlino did not advise his wife he had received the notice of assignment, but gave the notice to his attorneys. Donna Merlino did not learn of the note or the facts concerning the Colorado land transaction until December 1979, when she was served with a copy of the Bank's Colorado default judgment against Gary Merlino, which had been filed for execution in the King County Superior Court.

In April 1974, Gary Merlino had presented a 1973 joint income tax return to his wife for her signature. The tax return deducted interest paid to "Woodmore [*sic*] Corporation". Donna Merlino was not involved in the preparation of the tax return. She merely signed it as requested by her husband, without reading that it included a deduction for the interest paid by her husband on this land purchase agreement.

The trial judge concluded that RCW 26.16.030(4)[1] requires that both spouses sign a land purchase contract, and because Donna Merlino did not sign the purchase agreement and had no knowledge of the transaction, the Merlino marital community was not liable on the resulting default judgment entered against Gary Merlino. The judge further concluded that Donna Merlino did not authorize or

---

[1]RCW 26.16.030(4) provides:

"Neither spouse shall purchase or contract to purchase community real property without the other spouse joining in the transaction of purchase or in the execution of the contract to purchase."

ratify her husband's acquisition of the land by her actions or her signature on the income tax return form, nor did she engage in any act which would estop her from disclaiming the land transaction on behalf of the community. The judge ruled the only assets the Bank can reach in satisfaction of its default judgment are the separate assets of Gary Merlino. The judgment is therefore uncollectible because Gary Merlino owns no separate property.

The Bank contends the trial judge's characterization of the obligation as a separate liability of Gary Merlino was erroneous, and, alternatively, that even if the obligation was properly characterized as separate, Washington law permits the Bank as a judgment creditor to execute against Gary Merlino's one–half of the community property. The Bank additionally contends the trial judge erred in failing to apply Colorado law, thereby violating the full faith and credit provisions of the United States Constitution.

The Merlinos contend the appeal should be dismissed because the Bank failed to file a notice of appeal within 30 days of the entry of the judgment. The trial judge's oral decision was rendered November 21, 1980. Findings of fact, conclusions of law, and judgment were signed December 30, 1980, and filed with the King County Superior Court clerk on January 2, 1981. The Bank served and filed a letter with the trial judge January 6, 1981, stating, *inter alia,* "Based upon this decision [*Pacific Gamble Robinson Co. v. Lapp,* 95 Wn.2d 341, 622 P.2d 850 (1980)] (a copy of which is enclosed for your review) we, on behalf of Colorado National Bank, wish you to hear a motion for reconsideration of your decision in this matter." On January 22, the Bank served and filed a formal motion for reconsideration and note for hearing. The trial judge agreed to hear the motion on February 6, and entered an order denying the motion on February 18, 1981. The Bank then filed a notice of appeal with the King County Superior Court clerk on February 23, 1981.

The Merlinos contend the motion for reconsideration should not have been heard by the trial court because the

rules of court no longer permit a motion for reconsideration after entry of judgment and, alternatively, any motion for reconsideration was not timely. The Bank claims the letter from its counsel to the trial judge was sufficient to constitute a motion for reconsideration. We agree with the Bank.

■ The civil rules have not eliminated the post–trial motion for reconsideration. CR 59(a) lists "Grounds for Reconsideration or New Trial." RAP 5.2(e) also addresses the "Effect of Certain Post–Trial Motions", and expressly includes a motion for reconsideration as a type of post–trial motion.

■ A court will measure the sufficiency of a motion not by its technical format or its language, but by its content. 2A J. Moore, *Federal Practice* ¶ 7.05 (2d ed. 1983). CR 8(e) states:

(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleadings or *motions* are required.

(Italics ours.) CR 7(b)(2) sets forth the minimum form requirements of a motion:

The rules applicable to captions, signing, and other matters of form of pleadings apply to all motions and other papers provided for by these rules.

CR 10(a) requires:

Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number if known to the person signing it, and an identification as to the nature of the pleading or other paper.

The letter of January 6, 1981 contained the name of the court on the inside address, the title of the action and the file number, identification of the nature of the paper, and concluded explicitly, "[W]e, . . . wish you to hear a motion for reconsideration . . ." The letter contained each of the requirements of the Washington court rules.

In another context, Division Two of this court held that *service and notice of findings of fact and conclusions of law* fulfills the intent of the presentation rule of CR 52(c), and stated that if the opponent suffered no prejudice, the fail-

ure to comply with the presentation rule did not require reversal. *Seidler v. Hansen,* 14 Wn. App. 915, 547 P.2d 917 (1976). Similarly, in this case, the Merlinos were served with a copy of the letter, providing them with notice of the Bank's intention to request reconsideration, and have demonstrated no prejudice resulting from the Bank's failure to comply with the technical requirements for the form of their motion.

A federal court, applying the federal rule which is the model for the Washington court rule,[2] held a letter was adequate to constitute a motion for new trial. *Bumpus v. Uniroyal Tire Co.,* 392 F. Supp. 1405, 1406 (E.D. Pa. 1975). The substance of the Bank's letter meets the minimum requirements for a motion, was filed within 5 days of the trial judge's written decision, and was therefore timely. CR 59(b), (e). RAP 5.2(e) states the notice of appeal of an order deciding a motion for reconsideration must be filed within 30 days after the entry of the order. Therefore, the notice of appeal, which was filed within 30 days of the order denying the motion for reconsideration, was also timely. *See also Reynolds v. Dayton,* 533 F. Supp. 136 (S.D. Ohio 1982).

We now consider whether the trial judge erred in characterizing the promissory note securing the land transaction as the separate obligation of Gary Merlino. The Bank contends the ultimate question in determining whether a transaction creates a community or separate liability is whether the transaction was intended for the benefit of the community or expected to benefit the community. The Bank argues that since all funds utilized in this transaction were community funds and all credit pledged was community credit, both the asset and the obligation are the responsibility of the community. *See National Bank of Commerce v. Green,* 1 Wn. App. 713, 463 P.2d 187 (1969). *See also Virginia Lee Homes, Inc. v. Schneider & Felix Constr. Co.,* 64 Wn.2d 897, 395 P.2d 99, 18 A.L.R.3d 641

---

[2]Fed. R. Civ. P. 7(b).

(1964); Cross, *Community Property Law in Washington,* 49 Wash. L. Rev. 729, 755–56 (1974). Were this promissory note an obligation arising from the purchase of personal property, the general rules cited by the Bank would be applicable.

Here, the community presumption has been reversed by statute when an obligation is incurred by one spouse for the purchase of real property. RCW 26.16.030(4) prevents one spouse from binding the community to a real property purchase without the other spouse joining in the transaction of purchase.

The joinder requirement is met and the community will be held liable for acquisition of land by the unilateral action of one spouse where it is established that the non-signing spouse had knowledge of and ratified the transaction. *Reid v. Cramer,* 24 Wn. App. 742, 603 P.2d 851 (1979); *Daily v. Warren,* 16 Wn. App. 726, 558 P.2d 1374 (1977); *Pixton v. Silva,* 13 Wn. App. 205, 534 P.2d 135 (1975). Donna Merlino did not "join" or "participate" in the transaction or have actual knowledge of her husband's purchase of land in Colorado. *See Daily v. Warren,* 16 Wn. App. at 731.

■■ The joinder requirement of RCW 26.16.030(4) is also satisfied if there is sufficient evidence of authorization or ratification of the purchase by the nonsigning spouse or sufficient facts from which estoppel may be found. *Compare Daily v. Warren, supra, with Pixton v. Silva, supra.* A community is estopped to deny liability due to the failure of one spouse to join a transaction when one spouse permits the other to conduct the transaction, both have a general knowledge of the transaction, and both are ready to accept the benefits which may come from it. *Reid v. Cramer, supra* at 747.

Here, Donna Merlino neither knew of nor permitted her spouse to conduct this transaction. The fact that she signed a personal income tax return which deducted interest paid on the "Woodmore Corporation" property does not estop her from denying she had actual knowledge that her hus-

band had purchased land in Colorado. The Bank does not contend it relied on the Merlino income tax return as evidence of Donna Merlino's ratification of the transaction. The trial judge also found insufficient evidence from which to impute authorization or ratification of the transaction by Donna Merlino. She had no contact with either the Woodmoor Corporation or the Bank. Donna Merlino neither joined nor ratified the transaction. Discussion of acceptance of benefits is pointless because the transaction never reached the point when benefits or profits were available. The challenged findings of fact are supported by substantial evidence, and the conclusions of law are supported by those findings. *Ridgeview Properties v. Starbuck,* 96 Wn.2d 716, 638 P.2d 1231 (1982). The trial judge correctly found the promissory note arising from this real estate purchase was not a community obligation.

The Bank next contends the promissory note, although originally executed in connection with a real estate transaction, need not be viewed as inextricably linked with the purchase of real estate. The Bank urges us to determine the obligation on the promissory note apart from the underlying land sale.

Had this been an unsecured promissory note executed by Gary Merlino, it would be presumed to be a community liability, and the Bank would be entitled to execution against community assets. *National Bank of Commerce v. Green, supra.* Arguing from that community presumption, the Bank reasons that because lack of capacity is not a defense which can defeat the rights of a holder in due course of a promissory note under RCW 62A.3–305, Gary Merlino may not assert the defense of his lack of capacity to subject the community to liability because of the prohibitions of RCW 26.16.030(4) against the Bank as a holder in due course of the note. We do not agree.

As we held above, the Bank is not the holder in due course of a community promissory note, but of a separate obligation of Gary Merlino. Under the Uniform Commercial Code, the existence and effect of the defense of incapacity

against a holder in due course is left to the law of each state. *See* Official Comment 5, RCWA 62A.3–305. As a married Washington resident, Gary Merlino lacked capacity to purchase community real property without Donna Merlino's signature. RCW 26.16.030(4).

The Bank next contends that if the court was correct in finding that the debt incurred by Gary Merlino was his separate obligation, the Bank may nevertheless execute its judgment against Gary Merlino's one–half of the community property, relying on the rationale in two recent Supreme Court opinions.

In *deElche v. Jacobsen,* 95 Wn.2d 237, 622 P.2d 835 (1980), the plaintiff obtained a tort judgment against Mr. Jacobsen separately. Since Mr. Jacobsen had no separate property, the judgment was uncollectible unless the plaintiff was able to reach his one–half of the community assets. The court held that since the judgment arose out of a separate tort committed by Mr. Jacobsen, the plaintiff would be able to collect her judgment from the separate property of the tortfeasor, and if there was insufficient separate property, from the tortfeasor's one–half interest in community personal property. The Bank urges this court to extend the *deElche v. Jacobsen* rationale to the separate debt of Gary Merlino.

In a case decided the same day as *deElche v. Jacobsen,* the Washington Supreme Court considered the restrictions on a creditor's recovery in Washington for separate contractual debts incurred in Colorado. *Pacific Gamble Robinson Co. v. Lapp,* 95 Wn.2d 341, 622 P.2d 850 (1980). The court discussed the fact that under Colorado law, a husband's property and earnings during marriage are subject to payment of a debt incurred by him alone. The court pointed out that absolute protection of the community has not always occurred in Washington, and has been modified by the court and the Legislature, citing *deElche* and RCW 26.16.200, which permits creditors of a spouse to obtain satisfaction of judgments against the earnings and accumulations of that spouse, even though the debts were incurred

prior to marriage.

The Bank contends this court should recognize the trend of recent Washington case law and hold that Gary Merlino's debt, if separate, may be collected from his one–half of the community property. We decline the invitation. Neither *deElche v. Jacobsen* nor *Pacific Gamble Robinson Co. v. Lapp* requires such an extension.

The fact that this debt arose from Gary Merlino's purchase of real property without his wife's joinder or ratification is central in determining whether his one–half of the community may be held liable for this obligation. *See* Cross, *The Community Property Law in Washington,* 49 Wash. L. Rev. 729, 766 (1974). RCW 26.16.030(4) explicitly prohibits a spouse from taking this action. The Washington courts have held that RCW 26.16.030(4) should be construed strictly to shield the marital community from liability for the acts of one spouse acting alone. *Daily v. Warren, supra* at 730, citing Cross, *Equality ·for Spouses in Washington Community Property Law—1972 Statutory Changes,* 48 Wash. L. Rev. 527 (1973).

The *deElche* court extended liability for separate torts to the tortfeasor's one–half of community personal property, but reserved the question as to separate debts. The court noted the distinction which can be made between debts and torts and also noted that it is not necessary that the rules regarding them be parallel. *deElche,* at 246; *see Casa del Rey v. Hart,* 31 Wn. App. 532, 541, 643 P.2d 900 (1982). We hold that under present Washington law a debtor spouse's one–half share of community property may not be reached to satisfy a judgment for that spouse's separate debt arising from the purchase of real property.

The Bank finally contends the full faith and credit provision of the United States Constitution requires the court to apply Colorado law in determining the remedy and assets available for execution of this judgment. We do not agree.

Article 4, section 1 of the United States Constitution requires each state to give effect to judgments of sister

states to the same extent and with as broad a scope as given in the state where the judgment was rendered. *See Johnson v. Muelberger,* 340 U.S. 581, 95 L. Ed. 552, 71 S. Ct. 474 (1950). In the state of Colorado, the Bank could execute its default judgment against all property held by the signing spouse and one–half of all property held jointly by the signing spouse and his wife. *Pacific Gamble Robinson Co. v. Lapp, supra; Imel v. United States,* 184 Colo. 1, 8, 517 P.2d 1331 (1974). Since, under Colorado law, the Bank could execute against all marital property, it contends full faith and credit requires the court to allow execution against the same property in this state. We do not agree.

*Potlatch 1 Fed. Credit Union v. Kennedy,* 76 Wn.2d 806, 459 P.2d 32 (1969) provides the analytical framework for deciding whether Colorado or Washington law should apply to the question of whether the community is liable for a spouse's obligation to an out–of–state creditor. *Pacific Gamble Robinson Co. v. Lapp,* 95 Wn.2d at 350 n.3. RCW 26.16.030(4) is designed to restrict the legal authority of a Washington spouse to contract to purchase real property without the joinder of the other spouse, and its protections are appropriately the concern of the law of the domicile.

It is true that *Pacific Gamble Robinson Co. v. Lapp* held that a judgment arising from a separate business debt of a husband in Colorado was enforceable against the husband's one–half of community property held in Washington. Unlike the Merlinos, the Lapps were Colorado residents when the obligation was incurred, and the entire transaction from which the judgment arose took place in Colorado and involved a business of the husband which he acquired prior to marriage. The Lapps moved from Colorado to Washington, thereby converting their Colorado separate and marital property into community property in this state. The Lapps then claimed their newly created community property could not be reached to satisfy a judgment for the husband's separate debts incurred in Colorado. Our Supreme Court held the Colorado judgment could be satisfied from the debtor spouse's one–half of the community

property in Washington since that property would have been subject to execution in Colorado and Colorado had the most significant relationship to the transaction.

Washington has the most significant relationship to the subject matter and issues in this case. The court correctly applied the law of Washington in determining the Merlino community's obligation for this judgment. *See Potlatch 1 Fed. Credit Union v. Kennedy, supra.*

In summary, given the broad community management powers of both spouses in Washington, debts incurred in purchasing personal property presumptively result in community liability. RCW 26.16.030. By statutory exception, the opposite presumption arises from debt incurred in purchases of real property when executed by only one spouse. RCW 26.16.030(4).

Since Gary Merlino was acting outside his authority under RCW 26.16.030(4), his attempt to act for the community benefit and bind the community had no effect. Under current Washington law, the entire community is shielded from liability for this debt.

The Colorado default judgment is entitled to full faith and credit, and is enforceable to the extent allowed under Washington law.[3] Washington law allows execution against the separate property of Gary Merlino.

The judgment is affirmed.

ANDERSEN, C.J., and SWANSON, J., concur.

Reconsideration denied September 30, 1983.

Review denied by Supreme Court December 16, 1983.

---

[3]RCW 6.36.025, as pertinent here, provides: "A judgment so filed has the same effect and is subject to the same procedures, defenses, set–offs, counterclaims, cross–complaints, and proceedings for reopening, vacating, or staying as a judgment of a superior court of this state and may be enforced or satisfied in like manner."