HUG, Circuit Judge:
The appellant, Mary Ann Nelson (the “appellant”), appeals from the district court’s affirmance of the bankruptcy court’s judgment in favor of Republic Bank and Security Pacific Finance Corporation (the “Banks”). The appellant claims that the bankruptcy court erred in finding that she was bound to deeds of trust executed by her husband, Joel Nelson (“Nelson”). We affirm.
FACTS
The appellant and Nelson were married on July 18,1971. Sometime during 1972 or 1973, the Nelsons purchased a parcel of residential property (the “subject property”) in which the appellant and Nelson each held a community interest. During their marriage, Nelson managed virtually all of the community assets, including the subject property.
On July 10,1978, Security made a loan of $250,650.46 secured by a deed of trust on the subject property. On September 22, 1980, Republic made a loan of $482,940.75, also secured by a deed of trust on the subject property. Nelson’s signature appeared on each deed of trust. The appellant’s signature was forged on each deed of trust either by Nelson or by a third person at Nelson’s direction, and acknowledged by a notary public.
On December 21, 1981, involuntary petitions for bankruptcy seeking orders of relief were filed against the Nelsons.[1] On February 10, 1982, Republic filed a complaint seeking relief from the automatic stay. Security filed a similar complaint on October 18, 1982. On May 12, 1983, the bankruptcy court entered a judgment relieving the Banks from the automatic stay with respect to the subject property. In so doing, the bankruptcy court found that the deeds of trust validly encumbered the appellant’s interest in the subject property. On March 27, 1984, the district court affirmed the bankruptcy court’s judgment.
The present appeal followed.
DISCUSSION
We first turn to the issue of whether Nelson had authority to encumber the *1322 appellant’s interest in the subject property. As the bankruptcy court properly determined, this issue is governed by California substantive law. See, e.g., Matter of Sparkman, 703 F.2d 1097, 1099 (9th Cir. 1983) (when a bankruptcy court adjudicates a contract claim in connection with a bankruptcy petition, the court applies state contract law unless the bankruptcy code provides otherwise). Under California law, questions regarding the existence of an agency are questions of fact. Rookard v. Mexicoach, 680 F.2d 1257, 1261 (9th Cir. 1982). Therefore, we must affirm the bankruptcy court’s finding of agency unless this finding was clearly erroneous. See In Re Comer, 723 F.2d 737, 739 (9th Cir.1984).
The Banks contend, and the bankruptcy court found, that Nelson had actual authority to encumber the subject property on behalf of the community. Actual authority is such as a principal intentionally confers upon the agent (i.e., express authority), or intentionally, or by want of ordinary care, allows the agent to believe himself to possess (i.e., implied authority). Cal.Civ.Code § 2316; Columbia Outfitting Co. v. Freeman, 36 Cal.2d 216, 223 P.2d 21, 23 (1950). Actual authority may be established informally by the conduct of the parties. See Malloy v. Fong, 37 Cal.2d 356, 232 P.2d 241, 251 (1951).
There is sufficient evidence in support of the bankruptcy court’s finding of actual implied authority. There was testimony at trial that, during their marriage, the appellant was aware of the fact that Nelson had signed her name to documents. The appellant testified at a deposition that she knew that Nelson had signed her name to loan documents and that Nelson had the authority to do so. In addition, the appellant permitted Nelson to handle her personal finances, including the balancing of her bank accounts and the completion and signing of her federal income tax returns. Based on this conduct, Nelson could have reasonably believed that he had authority to encumber the appellant’s interest in the subject property. Therefore, the bankruptcy court did not clearly err in finding that Nelson had implied actual authority. The fact that Nelson represented that the documents bore his wife’s signature, and not that he had signed them as an authorized agent, could be considered as a fraud on the Banks. This, however, does not alter our conclusion because a principal is liable for the fraud of an agent committed when the agent is, as here, executing a transaction within the scope of his authority. Garton v. Title Ins. & Trust Co., 106 Cal. App.3d 365, 165 Cal.Rptr. 449, 454 (1980).
The appellant claims that, even assuming that Nelson had authority to encumber the appellant’s interest in the subject property, the deeds of trust did not conform with California statutory requirements and thus were not binding on appellant. The appellant argues that Nelson was required to subscribe his name to the trust deed as the appellant’s attorney in fact. The appellant relies on Cal.Civ.Code § 1095, which states:
When an attorney in fact executes an instrument transferring an estate in real property, he must subscribe the name of his principal to it, and his own name as attorney in fact.
The appellant’s argument is without merit. In Foote v. Posey, 164 Cal.App.2d 210, 330 P.2d 651 (1958), the agent had apparently forged the principal’s signature on a deed of trust. The principal’s signature was acknowledged by a notary public. Relying on section 1095, the principal argued that she was not bound by the deed of trust because the agent, in subscribing the principal’s signature, had failed to indicate that he was signing in his capacity as agent. Foote, 330 P.2d at 654.
The court rejected this argument, indicating that, under the circumstances, section^HÍ95’s requirements could not adversely affect the rights of the innocent third parties. The court stated:
There is a difference in the determining of the relationship where third parties are involved, as here, and where the issue is only between the parties themselves. In the case of third parties the *1323 fundamental question is what had those parties the right to believe from the language of any contract and from the conduct of the parties to it as affecting them ____[The third parties] had the right to assume when [the agent] ... delivered [the third parties] a note and deed of trust signed by [the principal], the deed of trust bearing a notary’s acknowledgment, that the documents were all they purported to be.
Id. The court went on to state that the agent’s failure to sign the principal’s name as her agent did not minimize his authority to bind her in a transaction where third parties innocently relied on the facial validity of the deed of trust. Id. at 654-55. In the present case, as did the third parties in Foote, the Banks reasonably relied on the notarized acknowledgments of the appellant’s signatures on the deeds of trust.
In addition, the appellant claims that under Cal.Civ.Code § 5127, it was necessary for her to join in the execution of the deeds of trust. Section 5127 states in part:
[E]ither spouse has the management and control of the community real property ... but both spouses either personally or by duly authorized agent, must join in executing any instrument by which such community real property or any interest therein is ... encumbered____
However, if one of the spouses acts as the agent of the non-participating spouse, section 5127 is not violated. See Miller v. Johnston, 270 Cal.App.2d 289, 75 Cal.Rptr. 699, 707 n. 6 (1969) (although wife claimed that she could not be bound by a conveyance of community property to which she was not a party, her knowledge of and acquiescence to the conveyance made her bound); see also Colorado Nat. Bank of Denver v. Merlino, 35 Wash.App. 610, 668 P.2d 1304, 1307 (1983) (in construing similar Washington “joinder” statute, court states that “[a] community is estopped to deny liability due to the failure of one spouse to join a transaction when one spouse permits the other to conduct the transaction, both have a general knowledge of the transaction, and both are ready to accept the benefits which may come from it.”). Here, the appellant had given Nelson implied actual authority to sign her name and represent it as her signature. The evidence indicates that at the time that Nelson received the funds from the bank, extensive improvements were being made to the property which were paid for by Nelson. It is clear that appellant received in one way or another the benefit of the loan proceeds. Under these circumstances she is now estopped from attacking the validity of a document based upon the ground that she did not personally sign the document.
The judgment of the district court is AFFIRMED.

. In December of 1981, Nelson left Los Angeles, and has not been heard from since by the appellant.