728 P.2d 1227

**GERONIMO HOTEL & LODGE, an Arizona limited partnership, Plaintiff/Appellant/Cross-Appellee,**

v.

**Roger PUTZI and Angela E. Putzi, husband and wife, Defendants/Appellees/Cross-Appellants.**

**No. CV 86 0163–PR.**

Supreme Court of Arizona.

Nov. 21, 1986.

Kerry, Schocket & Dusenberry by Robert A. Kerry, Tucson, for plaintiff/appellant/cross-appellee.

Norris L. Ganson, Tucson, for defendants/appellees/cross-appellants.

FELDMAN, Justice.

Defendant Roger Putzi, as lessor, agreed to lease real property to plaintiff, Geronimo Hotel and Lodge (Geronimo). The leased parcel was community property, owned by Roger Putzi and his wife, Angela (defendants). Geronimo could not enforce the lease because Angela did not sign it, subsequently disaffirmed it, and refused to accept payment. A.R.S. § 25–214. However, the lease warranted both title and the purported lessor's authority to enter into the lease. The issue before us is whether Roger Putzi may be independently liable to Geronimo for breach of that warranty, even though the lease is unenforceable against the Putzi community. We have jurisdiction under Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

## I. FACTS

Geronimo owns property at the corner of University Boulevard and Euclid Avenue in Tucson. Geronimo purchased the property for commercial development. Defendants own property just south of Geronimo's land. Geronimo leased defendants' property for five years to provide parking for its development. Only Roger Putzi, as lessor,

signed the lease, although the leased parcel was community property.

For purposes of this appeal, Geronimo concedes that its lease with Roger is unenforceable under A.R.S. § 25–214(C)(1)[1] because Angela did not sign the lease. Nevertheless, Geronimo contends that Roger Putzi should be independently liable under paragraph 8 of the lease:

> 8. Warranty. Lessor covenants and agrees that it is the lawful owner of the said leased premises, with the right to lease the same in accordance with the provisions hereof, and further covenants that it will defend title to said premises, if necessary, against all claims of all persons whomsoever.

## II. DISCUSSION

After a bench trial, the judge held the lease, and all its provisions, including the warranty, unenforceable. The court found that Geronimo had constructive knowledge of the leased property's community nature because title was recorded in Roger's and Angela's names. See A.R.S. § 33–416. The trial court also found that Roger Putzi was unaware that his wife's signature and consent were necessary to lease the property.

The court of appeals affirmed on two grounds. Geronimo Hotel & Lodge v. Putzi, 2 CA–CIV 5531 (Ariz.Ct.App. Feb. 12, 1986) (memorandum decision). First, it agreed with the trial court that the lease was unenforceable under A.R.S. § 25–214(C)(1). Memo. decision at 2. Second, the court held that a "substantial argument" existed that Geronimo had waived the warranty claim by trying the case "on a theory of community liability," instead of individual liability for breach of warranty. Id. at 3. We first address the waiver argument and then whether Geronimo may enforce the warranty against Roger Putzi.

### A. Waiver

■ Defendants argue that Geronimo waived its current warranty argument when it tried the case primarily on several theories of community liability. The court of appeals agreed with defendants, correctly pointing out that "[b]efore error is asserted on appeal, the point must be squarely presented to the trial judge for decision. He is not required to see what counsel has neither seen or argued." Memo. decision at 3; accord Dombey v. Phoenix Newspapers, Inc., 150 Ariz. 476, 482, 724 P.2d 562, 568 (1986).

We agree that trial arguments focused on Geronimo's various community liability theories. However, our review of the record convinces us that although Roger Putzi's individual liability for breach of contract was not the primary focus of the trial, Geronimo adequately presented the issue. In its pretrial statement, Geronimo included the following as a contested issue of law and fact:

> K. Whether Roger Putzi breached his contract with the Plaintiff by reason of the breach of warranty as to the right to convey the leasehold.

(emphasis supplied) Geronimo continued to assert Roger Putzi's individual liability in its posttrial memorandum:

> The evidence is clear that Roger Putzi signed the lease in question warranting in Paragraph 8 of the lease that he had the right to make the lease and convey the leasehold interest. It is undisputed that this is not true. Thus, Roger Putzi is liable for breach of the warranty provision of the contract.

Geronimo did argue, on an agency theory, that the community was liable for Roger Putzi's breach. Community liability was, of course, the preferred result for Geronimo. However, Geronimo also argued that "even if the community is not

---

1. A.R.S. § 25–214(C)(1) provides:
   C. Either spouse separately may acquire, manage, control or dispose of community property, or bind the community, except that joinder of both spouses is required in any of the following cases:

1. Any transaction for the acquisition, disposition or encumbrance of an interest in real property other than an unpatented mining claim or a lease of less than one year.

liable, it is clear that Roger Putzi is as he made the contract and accepted payment...."

The concept of waiver is based on two factors: fair notice and judicial efficiency. *Dombey,* 150 Ariz. at 482, 724 P.2d at 568. We believe these objectives were satisfied here because the question of Roger Putzi's individual liability was presented unambiguously to the trial court both before trial and before decision. Therefore, we hold that the issue of Roger Putzi's individual liability for breach of contract was preserved for appeal.

## B. *Separate Liability*

■ Transfer of community real property is restricted by A.R.S. § 25–214. Unless both spouses join, any purported transfer is voidable and damages for breach of contract will not be assessed against the community. *Consolidated Roofing & Supply Co. v. Grimm,* 140 Ariz. 452, 682 P.2d 457 (App.1984). This rule furthers the purpose of A.R.S. § 25–214 by protecting the interests of both spouses in their community real property.

■ Of course, a contract that can be performed by the signing spouse alone may be enforced solely against the signing spouse's separate property. In such cases, the objectives of A.R.S. § 25–214 become irrelevant and the general rule of liability for breach of contract logically applies. For example, *Grimm* held that a guarantee signed only by the husband was unenforceable against his wife or their community. However, since the husband could perform the guarantee separately, without his wife's consent, *Grimm* reasoned that the husband's separate estate was "liable on the guaranty." 140 Ariz. at 458, 682 P.2d at 463; *accord Arizona Feeds v. A & R Argo, Inc.,* 136 Ariz. 420, 666 P.2d 520 (App.1983); *cf. Eng v. Stein,* 123 Ariz. 343, 346, 599 P.2d 796, 799 (1979).

■ This case is slightly different than *Grimm.* Unlike a guarantee, a lease agreement cannot be performed by the signing spouse without the nonsigning spouse's consent. Some courts have concluded, as the court of appeals did here, that if the contract is avoided by the nonsigning spouse and cannot be performed without his or her consent, then all contract terms, including any warranties, are unenforceable against the signing spouse. *E.g., Sims v. Craig,* 96 N.M. 33, 627 P.2d 875 (1981) (signing spouse is not liable in contract but may be liable in tort for negligent misrepresentation). *See generally* Annot., 5 A.L.R. 4th 1310 (1981).

Washington courts, however, have concluded that the signing spouse is independently liable on his or her contracts even though the contract cannot be performed without the nonsigning spouse's consent. *E.g., Geoghegan v. Dever,* 30 Wash.2d 877, 899, 194 P.2d 397, 408–09 (1948) (husband is separately liable on contract employing broker to sell community real property); *Smith v. Stout,* 40 Wash.App. 646, 700 P.2d 343 (Wash.Ct.App.) (wife's disaffirmance does not release husband from potential separate liability for breach of agreement to sell community property), *rev. denied,* 104 Wash.2d 1009 (1985); *Colorado Nat'l Bank of Denver v. Merlino,* 35 Wash.App. 610, 621, 668 P.2d 1304, 1311 (Wash.Ct.App.) (husband may be separately liable on contract to purchase real property), *rev. denied,* 100 Wash.2d 1032 (1983). We have long recognized "that the community property laws of Arizona are more like those of Washington than of any other state, and that the rulings of the courts of that state are very persuasive when similar questions arise under our law." *Pratt v. Daly,* 55 Ariz. 535, 548, 104 P.2d 147, 152 (1940) (overruled on other grounds by *Ontiveros v. Borak,* 136 Ariz. 500, 667 P.2d 200 (1983)); *accord Mortensen v. Knight,* 81 Ariz. 325, 327, 305 P.2d 463, 464 (1956).

We think the rule articulated by Washington courts, imposing individual liability for breach of contract, is the better rule. First, contracts falling within A.R.S. § 25–214 are not per se void, only voidable by the nonsigning spouse. *See Smith,* 40 Wash.App. at 649, 700 P.2d at 345–46 (Washington statute similar to A.R.S. § 25–214); W. DeFUNIAK & M. VAUGHN, PRINCIPLES OF COMMUNITY PROPERTY § 118, at 290 (2d ed. 1971) (interpreting California statute similar to A.R.S. § 25–

214). *See generally* 5 A. CORBIN, COR-BIN ON CONTRACTS § 993 (1964). The nonsigning spouse could, for example, validate a lease by accepting payment or otherwise consenting to the agreement. Because only the nonsigning spouse can avoid contracts under A.R.S. § 25–214, contract provisions such as warranties that can be performed by the signing spouse without injuring the community should be enforceable against the signing spouse. That the lease is voidable by the nonsigning spouse does not preclude individual liability for breach of contract. *Smith*, 40 Wash.App. at 651, 700 P.2d at 346; *Colorado Nat'l Bank*, 35 Wash.App. at 621, 668 P.2d at 1311; *cf. Grimm, supra.* Of course, as in *Grimm*, the signing spouse's liability must be limited to his or her separate property; otherwise, the legislative judgment that community real property should be transferred or encumbered only by consent of the community would be circumvented. Protection of community interests, however, is not furthered by prohibiting *all* contract actions against the separate estate of the signing spouse.

Second, A.R.S. § 25–214 was intended to protect both spouses' interest in their common property, not to shield from individual liability those who freely choose to enter into contracts. The signing spouse should not be free to ignore the policies supporting A.R.S. § 25–214 and then to use that statute to avoid obligations freely undertaken. *See Grimm, supra.* The common law ordinarily holds persons responsible for their own conduct. *See Del E. Webb Corp. v. Superior Court*, 151 Ariz. 164, 170, 726 P.2d 580, 586 (1986). Roger Putzi signed the lease, accepted consideration, and warranted that he had the right to make the contract. The warranty apparently was breached. We can discern no rationale for allowing him to escape individual responsibility for his actions.

## III.  CONCLUSION

We hold that Roger Putzi may be individually liable for breach of the warranty provision in the lease between himself and Geronimo. If he is found liable, judgment may be executed only against his separate property. We intimate no view on Roger Putzi's actual liability or the proper measure of damages if Mr. Putzi is found liable. The trial court's decision is reversed. The court of appeals' decision is vacated. This case is remanded for proceedings consistent with this opinion.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.