MERITOR SAVINGS BANK, Plaintiff,

v.

CAMELBACK CANYON INVESTORS, et al., Defendants.

William CHICK, et al., Cross-claimants,

v.

Wesley ARNOLD, et al., Cross-defendants.

No. CIV 91–843 PHX WPC.

United States District Court, D. Arizona.

April 27, 1992.

See also 783 F.Supp. 455.

David A. Weatherwax, Phoenix, Ariz., for plaintiff.

Kent A. Lang, Phoenix, Ariz., for Chick.

Marc C. Cavness, Phoenix, Ariz., for Anderson.

Shawn Aiken, Phoenix, Ariz., for CCI and Arnold.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

Several months ago defendants William and Suzanne Chick ("Chick") filed a motion for partial summary judgment on the grounds that Mrs. Chick did not join in the Camelback Canyon Investors' ("CCI") loan transaction with Meritor Savings Bank ("Meritor"). On November 8, 1991 this Court ruled that the plain language of A.R.S. § 25–214(C)(1) required joinder of both spouses in order to encumber interests in real property in Arizona. The Court then granted the Chick's motion for partial summary judgment holding that in the absence of Mrs. Chick's joinder in the transaction, the Chick's community property could not be reached.

Currently pending before the Court is defendant Wesley and Norma Arnold's motion for partial summary judgment, based on the same arguments raised in the Chick's earlier motion for partial summary judgment, and Meritor's cross-motion for partial summary judgment.

Having considered all the briefing filed concerning the pending motion and cross-motion for partial summary judgment, the Court concludes that this matter is appropriate for submission without oral argument and hereby rules on the pending motions. Fed.R.Civ.P. 78; *Morrow v. Topping*, 437 F.2d 1155 (9th Cir.1971); *United States Fidelity and Guaranty Co. v. Lawrenson*, 334 F.2d 464 (4th Cir.), *cert. denied*, 379 U.S. 869, 85 S.Ct. 141, 13 L.Ed.2d 71 (1964).

The issue raised in both the motion and cross-motion for partial summary judgment is whether the Chicks and the Arnolds are in the same position so as to both receive the benefit of this Court's earlier ruling.

█ Meritor argues that the Chicks and the Arnolds are not in the same position because both Mr. and Mrs. Arnold signed and submitted a personal financial statement, not in support of the original loan, but in support of a subsequent modification to the loan, whereas the Chicks did not submit such a joint financial statement. Meritor argues that the submission of the financial statement constitutes a ratification of the Meritor Loan.

Ratification is the affirmance by a person of a prior act of another which did not bind that person, but which was done on his account. *Klaas v. Haueter*, 49 Wash. App. 697, 745 P.2d 870 (1987); Restatement of Agency, Second § 82. The financial statement in question did not serve to ratify the "prior act of another," but rather, was given only in support of a subsequent modification to the original loan. Accordingly, within the definition of "ratification," Mrs. Arnold's act cannot constitute a ratification, as Meritor now argues. *See, Bank of Hoven v. Rausch*, 382 N.W.2d 39 (S.D.1986) (stating that ratification must be the affirmance of a prior act).

█ Likewise, Mrs. Arnold's mere act of signing a financial statement does not estop her from arguing that real property of the marital community cannot be reached, pursuant to A.R.S. § 25–214(C)(1). *See, Colorado National Bank of Denver v. Merlino*, 35 Wash.App. 610, 668 P.2d 1304 (1983) (stating that a wife's signature on a joint tax return which indicates interest deductions from her husband's business neither constitutes estoppel nor ratification

with respect the wife's interest in those business transactions).

For all of the foregoing reasons,

IT IS THEREFORE ORDERED:

(1) Wesley and Norma Arnold's motion for partial summary judgment is hereby granted;

(2) Meritor's cross-motion for partial summary judgment is hereby denied.

(3) The hearing previously scheduled for April 24, 1992 is hereby vacated.