[No. 34301-7-I. Division One. December 27, 1995.]

SHARON KEENE, *Respondent*, v. RONALD EDIE, ET AL., *Defendants*, JUDITH R. EVANS, *Appellant*.

*Daniel Brink* and *Brink & Todd, P.S.*, for appellant.

*Thomas R. Dreiling, Willard G. Smith, Jr.*, and *Seligmann, Dreiling & Beckerman*, for respondent.

BECKER, J. — Sharon Keene obtained a judgment in tort upon proving allegations of child molestation against Judith Evans' husband. Keene asks us to extend the rationale of *DeElche v. Jacobsen*[1] to permit invasion of community real property to satisfy her judgment. The victim's interest in obtaining compensation is compelling, but precedent unaltered for more than a hundred years dictates that real property belonging to the tortfeasor's marital community must remain immunized from collection efforts by the victim of a separate tort. We reverse the trial court's orders requiring a sheriff's sale of the tortfeasor's half-interest in the home of his former wife, the appellant.

I

In October 1991, Sharon Keene filed a civil suit against Ronald and Judith Edie. Keene alleged that Ronald Edie sexually molested her many times during her childhood, and that Judith negligently allowed the molestation to continue. On October 29, 1991, Keene obtained a prejudgment writ of attachment against the Edies' home.

The court dismissed Keene's claims against Judith Edie on summary judgment. In 1993, shortly before trial of Keene's claim against Ronald Edie, Judith and Ronald divorced in Idaho. Under the terms of an agreed property settlement, Ronald quitclaimed his interest in the house to Judith.

Sharon Keene won a judgment of $313,000 against Ron-

---

[1]*DeElche v. Jacobsen*, 95 Wn.2d 237, 622 P.2d 835 (1980).

ald Edie. His personal property was insufficient to satisfy the judgment. Keene initiated proceedings to execute on his "undivided one-half interest" in the house. Judith (now Judith Evans) intervened in the proceedings and moved to quash the sheriff's sale. The court denied the motion, and the sale proceeded. On April 7, 1994, the court granted Keene's motion to confirm the sale. Evans timely appealed the denial of her motion to quash and the order confirming sale.

## II

Keene contends this appeal is time-barred under RAP 5.2(a), which requires notice of appeal within "30 days after the entry of the decision of the trial court which the party filing the notice wants reviewed." Keene argues that the final appealable order in this case was the entry of judgment against Ronald Edie on July 13, 1993.

The decisions that Judith Evans wants reviewed in this appeal are those allowing the sale of a one-half interest in her home. As Evans does not challenge Keene's judgment against Ronald Edie, Evans would not have had any reason to file her appeal when that judgment was entered. RAP 2.2(a)(13) provides that a party may appeal "[a]ny final order made after judgment which affects a substantial right." An order confirming an execution sale is final and appealable.[2] This appeal is timely with respect to issues concerning the attachment and execution on Evans' real property.

## III

The parties agree that for the purposes of this action, Judith Evans' house is community real property. Keene obtained a writ of attachment against the house before Ronald and Judith divorced. The issue is whether the trial

[2]*Casa Del Ray v. Hart*, 31 Wn. App. 532, 537, 643 P.2d 900, *review denied*, 98 Wn.2d 1006 (1982).

court erred in permitting Keene to proceed against Ronald Edie's half-interest in the community real estate in order to satisfy her judgment obtained against him in his separate capacity.

■ In 1890, the Washington Supreme Court held in *Brotton v. Langert*[3] that the community property statutes do not authorize a judgment creditor to execute on community real property to satisfy a separate tort judgment against one spouse. The plaintiff attempted to enforce a judgment for the defendant's individual tort by executing on real property owned by the defendant and his wife. The Supreme Court considered the propriety of execution in light of then-existing statutory restrictions on the encumbrance of community real property. The statute at issue in *Brotton* provided as follows:

"The husband has the management and control of the community real property, but he shall not sell, convey or encumber the community real estate, unless the wife join with him in executing the deed or other instrument of conveyance by which the real estate is sold, conveyed or encumbered, and such deed or other instrument of conveyance must be acknowledged by him and his wife: *Provided, however*, That all such community real estate shall be subject to the liens of mechanics, and others, for labor and material furnished in erecting structures and improvements thereon, as provided by law in other cases, to liens of judgments recovered for community debts, and to sale on execution issued thereon."[4]

The court determined the mechanisms set forth in this statute were the exclusive means by which community real property could be encumbered. Because the judgment obtained against Brotton was not a "judgment for a com-

---

[3]*Brotton v. Langert*, 1 Wash. 73, 23 P. 688 (1890) (*overruled on grounds not relevant here in Kilcup v. McManus*, 64 Wn.2d 771, 779, 394 P.2d 375 (1964)).

[4]*Brotton*, 1 Wash. at 79-80 (quoting Code of 1881, § 2410).

munity debt," the court reversed the order authorizing execution on the community real property.[5]

The statutory language protecting community real property has remained essentially unchanged since the *Brotton* decision in 1890. RCW 26.16.030(3) now provides:

> Neither spouse shall sell, convey, or encumber the community real property without the other spouse joining in the execution of the deed or other instrument by which the real estate is sold, conveyed, or encumbered, and such deed or other instrument must be acknowledged by both spouses.

RCW 26.16.040 provides:

> Community real estate shall be subject to the liens of mechanics and others for labor and materials furnished in erecting structures and improvements thereon as provided by law in other cases, to liens of judgments recovered for community debts, and to sale on execution issued thereon.

The essence of Keene's appeal is that the above statutes governing community real property should be given a new construction parallel to the rule that governs community *personal* property after *deElche v. Jacobsen.*[6] In *deElche*, the Supreme Court overruled its 1917 decision in *Schramm v. Steele.*[7] *Schramm* held that community personal property was immune from judgments for separate torts. The *Schramm* court reasoned that the community could not be liable for the acts of the husband unless the husband was acting within the scope of his authority as "agent" for the "statutory entity" that owned the property.[8] The *deElche* court, recognizing that the "entity" theory underlying *Schramm* had long since been abandoned, found no reason why victims of separate torts should not be allowed to recover from the tortfeasor's half of community personal

---

[5]*Brotton*, 1 Wash. at 82.

[6]*DeElche v. Jacobsen*, 95 Wn.2d 237, 622 P.2d 835 (1980).

[7]*Schramm v. Steele*, 97 Wash. 309, 166 P. 634 (1917).

[8]*Schramm*, 97 Wash. at 315-16.

property. *DeElche* thus held that once a tortfeasor's separate property is exhausted, the tort victim may proceed against the community *personal* property. Because the defendant's half of the community personal property was sufficient to satisfy the judgment in *deElche*, the Court did not decide whether community real property could also be reached.[9]

Since *deElche*, this court has indicated in dicta that *deElche* applies only to cases concerning personal rather than real property.[10] Another decision holds that *deElche* does not apply where one spouse has incurred a separate debt arising from a contract to purchase real property.[11] But no Washington court has squarely addressed the question left open by *deElche*, i.e., whether a judgment creditor may reach community real property to satisfy a separate tort judgment.

The *deElche* rationale was sufficient to overcome the personal property rule of *Schramm* because the entity theory underlying *Schramm* was a solely judicial construction. The rule of *Brotton*, on the other hand, rests on specific statutory language, presently RCW 26.16.030(3) and 26.16.040.

Keene argues that RCW 26.16.040 limits recovery only with respect to "debts" flowing from contractual arrangements and that the statute is silent with respect to collection of a separate obligation in tort. Professor Harry Cross found the same argument to be at least a "possible" interpretation of the statute, assuming no precedent holding otherwise.[12] But any interpretation distinguishing torts from debts has long since been academic in light of *Brotton*. Under *Brotton*, *any* separate liability incurred during

---

[9]*DeElche*, 95 Wn.2d at 246.

[10]*Casa Del Ray v. Hart*, 31 Wn. App. 532, 541, 643 P.2d 900 (1982).

[11]*Colorado Nat'l Bank v. Merlino*, 35 Wn. App. 610, 619, 668 P.2d 1304, *review denied*, 100 Wn.2d 1032 (1983).

[12]Harry M. Cross, *The Community Property Law*, 61 Wash. L. Rev. 13, 134-35 (1986).

the marriage, whether through tort or contract, cannot give rise to a judgment lien against community real estate. Community real property may only be encumbered: (1) by voluntary alienation with both spouses joining; (2) to satisfy specified liens; and (3) to satisfy liens of judgments recovered for *community* debts. Because of *Brotton*'s holding that the pertinent statutes (now RCW 26.16.030(3) and .040) set forth an exclusive list of ways in which community real property may be encumbered, it is not possible to create a new way modeled upon *deElche*.

As the law stands, the interest of the injured tort victim in obtaining compensation gives way to the statutory purpose of shielding community real property from liability for the acts of one spouse acting alone. Married tortfeasors whose assets include only real property are effectively immune from judgment for separate torts. Married tortfeasors who own boats, bank accounts, or other personal property are not.

Once the court dismissed Judith Evans from Keene's lawsuit, there was no community obligation to Sharon Keene. Keene had no right to collect her judgment from community real property. The court erred in denying Evans' motion to quash and in confirming the execution sale to satisfy Keene's judgment.

Our resolution of this issue makes it unnecessary to consider Evans' remaining issues pertaining to attachment and the homestead exemption.

We reverse the orders appealed and remand for proceedings not inconsistent with this opinion.

AGID and COX, JJ., concur.

Review granted at 129 Wn.2d 1010 (1996).