498 P.2d 1357

**Robert N. MUCKLEROY, Plaintiff-Appellee,**

v.

**Valera Charlene MUCKLEROY, Defendant-Appellant.**

No. 9425.

Supreme Court of New Mexico.

July 7, 1972.

Frazier, Cusack & Schnedar, Roswell, for defendant-appellant.

Richard G. Bean, Roswell, W. Thomas Kellahin, Santa Fe, for plaintiff-appellee.

## OPINION

MONTOYA, Justice.

Plaintiff Dr. Robert N. Muckleroy brought suit in the District Court of Chaves County seeking a divorce from defendant Valera Charlene Muckleroy. Plaintiff was granted a divorce from defendant. The court found, inter alia, that community debts of the parties exceeded the value of the community estate and ordered plaintiff to pay all community debts. Certain personal property was ordered to be set over to defendant and custody of a minor child of the marriage was awarded defendant. Plaintiff was ordered to pay defendant $100 a month as child support, and an additional $100 per month for six months as alimony.

Defendant appeals the decision of the trial court on two grounds. First, she contends that the medical license held by

plaintiff is community property and that she should have been awarded as alimony 15% of the adjusted gross income derived from plaintiff's medical practice. Second, defendant argues that the award of alimony and child support was inadequate, because the findings supporting the award were not based upon substantial evidence.

▉ Whether a medical license is community property within the meaning of the community property laws of New Mexico is a question of first impression in this jurisdiction.

Defendant argues that a person's livelihood is a valuable property right recognized by the courts of this State. Defendant contends that the medical license through which plaintiff earns his livelihood is community property, because his education which qualified him for the license was the product of the joint labor and industry of both defendant and plaintiff after their marriage. Therefore, defendant contends that the license is community property within the meaning of § 57–4–1, N.M.S.A., 1953 Comp.

It is true that the right to engage in a licensed profession is a protected property right. Roberts v. State Board of Embalmers and Funeral Directors, 78 N.M. 536, 434 P.2d 61 (1967). However, not all property rights are property within the meaning of the community property statutes. 15 Am.Jur.2d, Community Property § 3. Broadly defined, property includes every interest a person may have in a thing that can be the subject of ownership, including the right to enjoy, use, freely possess and transfer that interest. 42 Am. Jur., Property § 2, n. 1; Department of Financial Institutions v. General Finance Corporation, 227 Ind. 373, 86 N.E.2d 444 (1949).

Our New Mexico statutes pertaining to property rights between husband and wife define what constitutes separate property of each, and then states:

"All other real and personal property acquired after marriage by either husband or wife, or both, is community property; * * *."

Section 57–4–1, supra; §§ 57–3–4, 57–3–5, N.M.S.A., 1953 Comp. We believe that in order for a medical license to become community property, it must possess the attribute of joint ownership. A medical license is only a permit issued by the controlling authority of the State, authorizing the individual licensee to engage in the practice of medicine. The medical license may be used and enjoyed by the licensee as a means of earning a livelihood, but it is not community property because it cannot be the subject of joint ownership. We hold, therefore, that for purposes of the community property laws of the State of New Mexico, a medical license is not community property.

Defendant's next contention is that there was no substantial evidence to support the award of alimony and child support.

▉ The awarding of alimony or child support rests within the sound discretion of the court. Section 22–7–6, N.M.S.A., 1953 Comp. Substantial evidence means such relevant evidence as a reasonable mind might find adequate to support a conclusion. Cave v. Cave, 81 N.M. 797, 474 P.2d 480 (1970). In the instant case, the court's awarding of child support and alimony was clearly within his discretion. There is ample support in the record for the court's findings of fact and conclusions of law as to alimony and child support payments. This is especially true in light of the large community debt which the plaintiff was ordered to assume.

Having found both of defendant's contentions to be without merit, the decision of the trial court is affirmed.

It is so ordered.

McMANUS and STEPHENSON, JJ., concur.