531 P.2d 954

**William C. SCHAAB, Plaintiff-Appellant,**

**v.**

**Alice E. SCHAAB, Defendant-Appellant,**

**No. 9906.**

Supreme Court of New Mexico.

Aug. 23, 1974.

Rodey, Dickason, Sloan, Akin & Robb, William C. Schaab, Jay R. G. Ortiz, Albuquerque, for plaintiff-appellant.

Willard F. Kitts, John W. Boyd, Albuquerque, for defendant-appellee.

OPINION

MONTOYA, Justice.

This is an appeal from the Bernalillo County District Court's denial of appellant's motions for reduction of alimony based on changed circumstances; from the court's award of attorney's fees to appellee; and for a new trial to consider the effect of the Equal Rights Amendment (ERA) to N.M.Const., art. II, § 18.

On November 8, 1968, William C. Schaab (appellant) and Alice E. Schaab (appellee) were divorced. The divorce decree granted appellee $1,200 per month as alimony "until the death of either party, the remarriage of the defendant, or the further order of the Court." No provision was made for the payment of support for the three children of the parties. The divorce decree also adopted a property settlement agreement between the parties which obligated appellant upon termination of alimony to pay "such reasonable amount as the court shall determine for the support of the children."

On June 18, 1971, appellant filed his original motion for a reduction of alimony. This motion was amended by appellant on September 27, 1971. The motion was heard before the first judge on October 15, 1971, but no decision was issued and on July 21, 1972, appellant filed a second amendment to his motion. Appellant filed another motion on January 23, 1973, seeking a change in custody of the parties' son Colson, and again requesting reduction of alimony. The motions were heard by a second judge and the court entered its decision. Appellant filed a motion to amend the court's findings and conclusions and a motion for a new trial, asserting applicability of the ERA. The court's order was entered on July 24, 1973, and the second judge granted appellant's motion to change custody of the parties' son from appellee to appellant, held that neither party would be obligated to support the son after he reached the age of eighteen, denied appellant's motions for re-

duction of alimony, and awarded appellee $500 in attorney's fees.

The parties stipulated that the court refused to consider appellant's motion for a new trial under the ERA and that appellant could renew such motion thereafter. Appellant filed a subsequent motion for a new trial on August 3, 1973, which was heard before a third judge, and denied on September 4, 1973. Appellant subsequently filed a timely notice of appeal on September 4, 1973, from the second judge's award of attorney's fees and denial of his motions for reduction of alimony and from the third judge's denial of his motion for a new trial.

The initial point raised by appellant on appeal is that the district court erred in refusing to consider the change in custody of the parties' son and his attaining the age of eighteen as circumstances justifying a reduction in alimony. The question arises as to whether the alimony payments were to include payment for support of the parties' minor children as well as for support of appellee. From the record, it appears that it was the express intent of the parties that child support payments were to be included, although payment was classified solely as "alimony," largely for tax advantages. But, appellee argues that since the alimony and child support provisions of the decree and property settlement agreement were "plain, clear and unambiguous" and susceptible of only one interpretation, no oral evidence concerning child support could be introduced for the purpose of varying the meaning of the divorce decree. However, the court received evidence concerning change of custody, costs of support for the child whose custody was changed, and maintenance costs relating to other children left in appellee's custody.

According to Clark, Law of Domestic Relations § 14.5 at 441 (1968), "The first and most important of all functions of alimony relates to the care of children." Thus, since the award of alimony in this case included payment for child support

for the parties' minor children, a change in the custody and the attainment of majority would be "circumstances" which the court should consider under § 22–7–6(B)(2) and (C), N.M.S.A., 1953 (Supp.1973), the pertinent portions of which read as follows:

"B. On final hearing, the court:

" * * *.

"(2) may modify and change any order in respect to alimony allowed either spouse, whenever the circumstances render such change proper;

" * * *.

"C. The court may modify and change any order in respect to the guardianship, care, custody, maintenance or education of the children, whenever circumstances render such change proper. * * *"

■ As this court has stated previously, the awarding of alimony or child support rests within the sound discretion of the court. Michelson v. Michelson, 86 N.M. 107, 520 P.2d 263 (1974); Muckleroy v. Muckleroy, 84 N.M. 14, 498 P.2d 1357 (1972). In Gallemore v. Gallemore, 78 N.M. 434, 432 P.2d 399 (1967), we said:

"The only question raised by the appellant-husband is that the granting of alimony was an unwarranted and unreasonable abuse of sound judicial discretion and was inequitable.

"The husband seeks to have us, on review, in effect, substitute our judgment for that of the trial court. This is not the rule in New Mexico. On appeal, we examine the record only to determine if the trial court abused its discretion in fixing an amount which was contrary to all reason. Jones v. Jones, 1960, 67 N.M. 415, 356 P.2d 231; Redman v. Redman, 1958, 64 N.M. 339, 328 P.2d 595; Fitzgerald v. Fitzgerald, 1962, 70 N.M. 11, 369 P.2d 398; and Sloan v. Sloan, 1967, 77 N.M. 632, 426 P.2d 780."

Where an abuse of discretion is claimed by appellant—

" * * * [he] bears a heavy burden, in view of the long-standing rule that we will not overturn the action of the trial court absent a patent abuse or manifest error in the exercise of discretion. [Citations omitted.] * * *"

Hanberry v. Fitzgerald, 72 N.M. 383, 387, 384 P.2d 256, 259 (1963).

■ A change in custody of one child is merely one circumstance which the court should consider. It does not by itself mandate a modification of alimony. A review of the record indicates that there were several countervailing circumstances for the court to consider. In view of all the evidence, the trial court clearly acted within the bounds of its discretion.

Appellant's second point is that there was no substantial evidence to support the court's finding No. 8:

"There is no substantial evidence that there has been an appreciable change in the financial status or material circumstances of the Defendant, Alice E. Schaab, either for better or for worse, since the time of the divorce."

■ Substantial evidence means such relevant evidence as a reasonable mind might find adequate to support a conclusion. Muckleroy v. Muckleroy, supra; Cave v. Cave, 81 N.M. 797, 474 P.2d 480 (1970). There is ample support in the whole record for the court's finding that the appellee's overall financial condition had not changed to a degree sufficient to warrant a modification of the alimony decree. The record is devoid of evidence indicating any significant improvement in appellee's financial situation beyond that which resulted from the change in custody, while there is evidence that appellee had assumed added expenditures.

"It should be noted that the mere fact that there has been a change in the circumstances of the parties does not always require a change in a decree for alimony or maintenance. One change may be offset by another, with the result that the court may conclude that the decree should not be disturbed. * * *"

Annot. 18 A.L.R.2d, 10 at 17 (1951).

A review of the record makes it obvious that there is substantial evidence upon which the court can base its finding. Thus, on this point the trial court must be affirmed because:

> "It is well settled in New Mexico that the appellate court will not substitute its judgment for that of the trial court in weighing the evidence. If the trial court's findings are supported by substantial evidence, they must be affirmed. [Citation omitted.] * * *"

Tome Land & Improvement Co. v. Silva, 83 N.M. 549, 552, 494 P.2d 962, 965 (1972).

Appellant's third contention is that the ERA has altered the law to such an extent that he is entitled to a new trial. This argument is without merit. The ERA says simply that "* * *. Equality of rights under law shall not be denied on account of the sex of any person. * * *" N.M.Const. art. II, § 18 (Repl. Vol. 1, 1970, Supp.1973). Our New Mexico Statute § 22–7–6, supra, complies with this constitutional provision. It speaks of "either party" and "either spouse," and treats husband and wife with exact equality in all its provisions. The trial court properly applied the statute in accordance with the New Mexico Constitution. In spite of appellant's arguments, it is clear that the ERA definitely does not prescribe conditions governing when and why alimony should be granted, beyond the requirement of equal protection, particularly when as in this case the award of alimony includes support for the children.

Lastly, we consider appellant's contention that the trial court erred in granting $500 to appellee for attorney's fees. According to § 22–7–6(A), supra:

> "* * *. The court may make an order, relative to the expenses of the proceeding, as will ensure either party an efficient preparation and presentation of his case."

Again, this is a matter within the trial court's discretion. Dunne v. Dunne, 83 N.M. 377, 492 P.2d 994 (1972); Fitzgerald v. Fitzgerald, 70 N.M. 11, 369 P.2d 398 (1962). There is evidence in the record that appellee's attorney worked approximately 35 hours in connection with appellant's various motions. There is nothing which would indicate that there was "a patent abuse or manifest error in the exercise of discretion" by awarding this $500. It is possible this court may have acted differently concerning this particular matter, but absent a showing of abuse of discretion by the trial court, its action must be affirmed.

Having found appellant's contentions to be without merit, the decision of the trial court is affirmed in all respects.

It is so ordered.

McMANUS, C. J., and STEPHENSON, J., concur.