627 P.2d 875

Mike SIMS, Berry F. Davis and The Four Seasons Apartments Co., a New Mexico limited partnership, Plaintiffs-Appellees,

v.

Eddy L. CRAIG, Defendant-Appellant.

No. 13261.

Supreme Court of New Mexico.

May 5, 1981.

Cox, Imke & Proctor, Charles W. Imke, Max Proctor, Hobbs, for defendant-appellant.

James E. Womack, Albuquerque, for plaintiffs-appellees.

## OPINION

SOSA, Senior Justice.

This is an appeal from the district court's ruling that plaintiffs-appellees Sims, et al. (Sims) were entitled to damages arising from an option agreement to purchase certain community property from defendant-appellant Craig. The issues are as follows:

(1) Whether the option agreement entered into between appellees and Mr. Craig is void and of no effect because it is a contract to convey community property and Mrs. Craig failed to sign it.

(2) Whether the trial court erred in finding that appellees were damaged by reliance on the representations made by Craig concerning the option agreement since plaintiffs knew or should have known that the subject property was community property.

(3) Whether appellees are entitled to damages based on their reasonable reliance on appellant's misrepresentations.

(4) Whether the agreement negotiated between Sims and the Craigs for a higher purchase price amounted to a waiver, settlement or novation of the terms of the option agreement.

Sims entered into an option agreement with Mr. Craig to purchase real estate owned by Mr. and Mrs. Craig for $55,000.00. Sims gave Mr. Craig a non-refundable option check for $5,000.00 to be applied toward the purchase. At the time of the execution of the option agreement, Mrs. Craig was in Europe and never signed the contract. The real estate in question is the community property of the Craigs. Mrs. Craig learned of the option agreement when she returned from Europe. She informed appellees that she would not sell the land for $55,000.00 but would accept $65,000.00 instead. Sims and the Craigs renegotiated the sale of the property on November 7, 1977, raising the purchase price to $65,000.00. On September 14, 1979, appellees sued Mr. Craig for breach of the option agreement, seeking compensatory damages of $10,450.00. The district court ruled in favor of Sims finding that at the time the option agreement was executed, Mr. Craig knew that the real estate was community property and that Sims relied on the option agreement to their detriment, expending large sums of money in commitment and architectural fees. Mr. Craig appeals this decision. We affirm.

■ Both parties agree that the option agreement is a contract to convey community property and is, therefore, void because it does not bear Mrs. Craig's signature. Section 40–3–13(A), N.M.S.A. 1978, requires joinder of both spouses for contracts to convey or transfer community property. Accordingly, Sims could not obtain specific performance of the contract to force conveyance of the real estate. *Hannah v. Tennant*, 92 N.M. 444, 589 P.2d 1035 (1979). Nor could he obtain damages for breach of contract since the contract is void.

■ Having decided that Sims cannot sue on the contract because it is void, the next question becomes whether he can recover damages on any other theory of law. The evidence in this case supports an action for negligent misrepresentation. While we

recognize that actions for damages based on issues of tort should be appealed to the Court of Appeals, § 34–5–8, N.M.S.A. 1978, we have decided to hear this case because the parties brought it before us on a theory of breach of contract which we now decide cannot lie. An action for misrepresentation differs from the tort of deceit wherein plaintiff must prove intent on the part of the defendant to mislead or defraud. The theory of liability for this tort is one of negligence rather than of intent to mislead. W. Prosser, *Handbook of the Law of Torts* § 107 (4th Ed. 1971). Negligent misrepresentation is available to a plaintiff who is "so circumstanced that he cannot or does not wish to rescind, and cannot meet the proof required for the tort of fraud or deceit [as a] . . . remedy for damages caused by a misrepresentation short of fraud." *Maxey v. Quintana*, 84 N.M. 38, 41, 499 P.2d 356, 359 (Ct.App.1972), *cert. denied*, 84 N.M. 37, 499 P.2d 355 (1972). Such a remedy is available in situations such as this one involving the sale of real estate.

> The rule is well established that a charge of fraud may be based on the vendor's false statements and misrepresentations in the sale of land, where it appears that such statements and representations were statements or representations of material facts and not mere statements of opinion, and were such that the purchaser not only was entitled to rely upon them, but in point of fact did rely upon them, to his injury. (Footnotes omitted.)

37 Am.Jur.2d, *Fraud and Deceit* § 239 at 319 (1968).

The trial court concluded that Sims relied to his detriment on the oral and written representations made by Craig as to the sale of the real estate for $55,000.00. The court also concluded that Sims had a right to rely on the statements made by Craig. There is substantial evidence in the record to support the court's conclusions in that Sims had expended large sums of money in commitment and architectural fees, the parties (including Mrs. Craig) had been engaged in several negotiations concerning the sale of the realty over several preceding months, and Mrs. Craig testified that she had signed an option agreement for the sale of the land for $55,000.00 prior to the execution of the contract found to be void in this action. Because of the conduct of the Craigs in prior negotiations, Sims had reason to believe that Mrs. Craig would sign the deed conveying the land for $55,000.00. The trial court found that Sims reasonably relied on Mrs. Craig's representations, and we will not disturb those findings where substantial evidence exists for their support.

It is well settled in New Mexico that the appellate court will not substitute its judgment for that of the trial court in weighing the evidence. If the trial court's findings are supported by substantial evidence, they must be affirmed. *Cave v. Cave*, 81 N.M. 797, 474 P.2d 480 (1970).

*Tome Land & Improvement Co. v. Silva*, 83 N.M. 549, 552, 494 P.2d 962, 965 (1972). *See Schaab v. Schaab*, 87 N.M. 220, 531 P.2d 954 (1974).

Appellant argues that the trial court erred by failing to conclude that the contract entered into between Sims and the Craigs to convey the property for $65,000.00 constituted a novation or compromise and settlement of the original option agreement. In order for this contract to constitute a novation, there must be (1) an existing and valid contract, (2) an agreement to the new contract by all parties, (3) a new valid contract, and (4) an extinguishment of the old contract by the new one. 58 Am. Jur.2d, *Novation* § 10 (1971). We have already held that the original option agreement was void and unenforceable. Therefore, the first element of novation is lacking. In addition, Craig failed to show that Sims intended a novation of the old contract when the new contract was negotiated. "In order to effect a novation there must be a clear and definite intention on the part of all concerned that such is the purpose of the agreement, for it is a well-settled principle that novation is never to be presumed." (Footnote omitted.) 58 Am. Jur.2d, *Novation* § 20 at 534 (1971). Finally, a contract of novation is no different

from any other contract in that it must be supported by good and sufficient consideration. It has been held that a contract to perform, at a higher price, that which one is already obligated to perform will fail for lack of consideration. *Williston on Contracts* § 130 (1957). The evidence in this case shows that Sims, having expended large sums of money in commitment and architectural fees, felt economically compelled to execute the new contract. It was more feasible economically for appellees to pay the additional $10,000.00 purchase price than it was for them to forego the purchase of the realty and sue to recover the $84,000.00 already expended. The trial court properly refused to find novation or compromise and settlement.

For the foregoing reasons, we affirm the trial court's decision that appellees reasonably relied to their detriment on appellant's misrepresentations.

IT IS SO ORDERED.

PAYNE and FEDERICI, JJ., concur.