649 P.2d 485

STATE of New Mexico,
Plaintiff-Appellee,

v.

Yolanda Elizabeth SANDOVAL,
Defendant-Appellant.

No. 5513.

Court of Appeals of New Mexico.

May 13, 1982.

418

Jeff Bingaman, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

George A. Harrison, Harrison & O'Loughlin, P. A., Farmington, for defendant-appellant.

## OPINION

WALTERS, Chief Judge.

Defendant was convicted in Magistrate Court of prostitution, in violation of § 30–9–2, N.M.S.A.1978. After a trial de novo in the district court on appeal, defendant was found guilty, and sentenced to sixty days in the San Juan County Jail.

Defendant frames two issues in this appeal, as follows:

I. Whether the different standards used in the Prostitution [§ 30–9–2, *supra*] and Patronizing Statutes [§ 30–9–3, N.M.S.A.1978] violate the equal protection of the defendant where all prostitutes are female and all customers are male.

II. Whether the sheriff's office engages in discriminatory enforcement of [§] 30–9–2 [N.M.S.A.1978] and [§] 30–9–3 [N.M.S.A.1978] in violation of defendant's equal protection.

1. We answer defendant's second point first. She does not challenge the court's Findings of Fact; She appears to attack Conclusion 3 & 4:

3. That the San Juan County Sheriff's Department does not make arbitrary discrimination between male and female in the enforcement of Section 30–9–2, N.M.S.A.1978.

4. That Section 30–9–2, N.M.S.A.1978, does not violate the equal protection clause of the Fourteenth Amendment of the United States Constitution or the Equal Rights Amendment of the New Mexico Constitution.

The record does not show that any proposed Findings of Fact or Conclusions of Law were filed by defendant; nor does it or the transcript disclose any motions made by the defendant to dismiss the charges based upon constitutional grounds, or any motion or request for amended or different Conclusions of Law from which she now apparently appeals. At trial, however, the defendant informed the court of her theory, *i.e.*, that § 30–9–2, *supra*, violates the equal protection clause of the United States and New Mexico Constitutions and, specifically, the New Mexico Equal Rights Amendment, N.M.Const., art. II, § 18. Even though the trial court was alerted to defendant's constitutional attack upon the statutes, in the absence of requested findings and conclusions submitted by appellant, and no attack upon the trial court's findings on appeal, the reviewing court is bound by conclusions of law which are supported by the findings of fact made. *Cooper v. Bank of New Mexico*, 77 N.M. 398, 423 P.2d 431 (1967).

Even so, we have reviewed the relatively short record in this case and are satisfied that the evidence supports Finding No. 7, which supports Conclusion 3.

2. At the time of the offense, the challenged statutes read:

30–9–2. Prostitution.

Prostitution consists of knowingly engaging in or offering to engage in sexual intercourse for hire.

Whoever commits prostitution is guilty of a petty misdemeanor, unless such crime is a second or subsequent conviction, in which case such person is guilty of a misdemeanor.

30–9–3. Patronizing prostitutes.

Patronizing prostitutes consists of:

A. entering or remaining in a house of prostitution with intent to engage in sexual intercourse with a prostitute; or

B. knowingly hiring a prostitute to engage in sexual intercourse. Whoever commits patronizing prostitutes is guilty of a petty misdemeanor.

Defendant was found to have prior convictions under § 30–9–2, *supra*, and, therefore, was convicted of a misdemeanor.

(a) Both §§ 30–9–2 and 30–9–3, *supra*, are gender neutral on their face. Either males or females could be arrested and convicted under either statute.

■ According to the only New Mexico case interpreting our Equal Rights Amendment, *supra*, if a statute treats all persons alike, regardless of sex, it does not violate the provisions of N.M.Const. art. II, § 18. *Schaab v. Schaab*, 87 N.M. 220, 531 P.2d 954 (1974). In *State v. Thompson*, 57 N.M. 459, 463, 260 P.2d 370 (1953), the court considered the claim of equal protection of a legislative enactment and said:

If it makes no arbitrary or unreasonable distinction within the sphere of its operation and accords substantially equal and uniform treatment to all persons similarly situated, the law complies with the equality provision.

(b) Defendant complains, under this point, that the different elements of the statutes, and the fact that § 30–9–3, *supra*, does not have an enhancement provision, but only a petty misdemeanor penalty, violates her equal protection. The two statutes in question sanction two different activities and consequently would require different elements. Section 30–9–2 prohibits prostitution, while § 30–9–3 prohibits the patronizing of prostitutes. Defendant was arrested and convicted under § 30–9–2, *supra*. She appears to argue that because the legislature has not enhanced the acts of a customer of a prostitute, the prostitute's equal protection is violated.

■ The power to define crimes is a legislative function. *State v. Grijalva*, 85 N.M. 127, 509 P.2d 894 (Ct.App.1973). The seller is more strictly controlled and more severely punished in several criminal statutes. *See* and *compare*, § 30–31–21, N.M.S.A. 1978 [1980 Repl.Pamph.], distribution of marijuana to a minor, a third degree felony for a first offense; § 30–31–22, N.M.S.A. 1978 [1980 Repl.Pamph.], distribution of marijuana to other than minors, a fourth degree felony for first offense; § 30–31–22(B)(1), N.M.S.A.1978 [1980 Repl.Pamph.], possession of one ounce or less of marijuana, a petty misdemeanor. The legislature clearly intended to impose greater penalties on the seller of a controlled substance than upon the user. It is likewise within the power of the legislature to establish the criminal penalty to be imposed for any specific criminal activity. *State v. Mabry*, 96 N.M. 317, 630 P.2d 269 (1981).

Defendant's constitutional argument based upon those differences in the two statutes is not well taken.

■ (c) Finally, defendant has no standing to complain of unequal enforcement of § 30–9–3, *supra*, a statute she was not charged with or convicted under. *State v. Hines*, 78 N.M. 471, 432 P.2d 827 (1967).

Defendant's premise that "all prostitutes are female and all customers are male" is incorrect; her claim of unconstitutionality in the "different standards" of the two section is without merit.

The conviction and sentence are AFFIRMED.

LOPEZ and NEAL, JJ., concur.