739 P.2d 989
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Jimmie L. McDUFFIE,
Defendant-Appellant.**

**No. 9657.**

Court of Appeals of New Mexico.

June 4, 1987.

Hal Stratton, Atty. Gen., Tracy Hughes, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

**OPINION**

GARCIA, Judge.

This case involves the district court's dismissal of defendant's appeal from a conviction in metropolitan court. Defendant raises three issues on appeal: 1) whether refusal to grant a continuance, so that defendant could be present at all stages of his trial, was error; 2) whether defendant received ineffective assistance of counsel; and 3) whether NMSA 1978, Section 30–7–2

(Cum.Supp.1986) is unconstitutional as applied. We reverse and remand.

## FACTS

Defendant was convicted in metropolitan court of carrying a concealed deadly weapon in violation of Section 30–7–2, and he appealed to the district court. On October 15, 1986, notice for the appeal trial setting was given by the district court clerk. It was set for November 4, 1986. The notice of hearing was sent by the court clerk to defense counsel; due to counsel's oversight, notice was not given to defendant. Defense counsel was under the mistaken impression that the district court clerk would notify defendant of the setting.

Defendant is homeless and is a "street person." He receives mail at a shelter and it usually took about a week for counsel to notify defendant of matters concerning his case. Defendant had been in attendance at all prior court proceedings and was in frequent contact with defense counsel. In late October, defense counsel learned that it was her responsibility to notify defendant of the trial setting and counsel mailed a tardy notice to defendant.

Defense counsel then filed a motion for continuance. Earlier, counsel filed a motion to suppress evidence and a motion to produce. The motions were all set for November 3. At that hearing, defense counsel asked for a continuance of the hearing on the pending motion to suppress and of the trial because of defendant's absence. She explained defendant's circumstances and that it was her own fault notice was not mailed sooner. Defendant was not present and counsel argued that not enough time had passed for defendant to have picked up his mail from the shelter. The state did not object to the continuance.

The trial court, cognizant of its responsibility to expeditiously dispose of cases on its docket, explained that the district court's practice was to schedule metropolitan court appeals for the first day of its criminal docket. The court agreed to grant a continuance of one day on the suppression motion, but not for the trial set for the next day. Inexplicably, defense counsel chose not to take advantage of the one day continuance and informed the court that she was prepared to proceed on the suppression hearing. Counsel then waived the presence of defendant, and evidence on the motion was presented in defendant's absence. The trial court denied the motion to suppress.

The following day, the day set for trial, defense counsel explained that defendant was still not present and renewed her motion for continuance. The trial court again denied the motion for continuance. Noting that the state was ready to proceed, the trial court dismissed the case. The record indicates that the case was dismissed "for failure to prosecute."

## DEFENDANT'S ABSENCE

Defendant argues that the trial court abused its discretion in refusing to grant a continuance so that defendant could be present at the suppression hearing, and that he received ineffective assistance of counsel when counsel proceeded with the hearing in his absence. Because we hold that defendant was entitled to be present at the suppression hearing, absent a knowing and voluntary waiver, we do not reach the ineffective assistance of counsel issue.

SCRA 1986, 5–612(A) requires that "defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impanelling of the jury and the return of the verdict and the imposition of any sentence, *except as otherwise provided by this rule.*" (Emphasis added.) Subsection C provides that "in prosecutions for offenses punishable by fine or by imprisonment for a term of less than one (1) year, or both, the court, with the written consent of the defendant, may permit arraignment, plea, trial and imposition of sentence in the defendant's absence" or "at a conference or argument upon a question of law." Defendant's absence at the evidentiary suppression hearing does not fit either of the exceptions.

Derived from the confrontation clause of the sixth amendment and the due process clause of the fourteenth amendment, a defendant has a right to be present at all stages of the criminal trial. *Proffitt v.*

*Wainwright,* 685 F.2d 1227 (11th Cir.1982). "This right extends to all hearings that are an essential part of the trial—i.e., to all proceedings at which the defendant's presence 'has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.'" *Id.* at 1256 (quoting *Snyder v. Massachusetts,* 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934)). Here, the suppression hearing represented defendant's only realistic chance of prevailing. It was essential to his case and the critical part of the proceedings. The arresting officers testified that defendant admitted having a concealed weapon. The use or suppression of defendant's statement and of the weapon represented the focal point of defendant's appeal.

■ Some federal courts hold the defendant's right of presence does not extend to a suppression hearing. *See United States v. Gradsky,* 434 F.2d 880 (5th Cir. 1970), *cert. denied,* 409 U.S. 894, 93 S.Ct. 203, 34 L.Ed.2d 151 (1972). *Accord United States v. Bell,* 464 F.2d 667 (2nd Cir.), *cert. denied,* 409 U.S. 991, 93 S.Ct. 335, 34 L.Ed.2d 258 (1972). However, we think the better rule is that a defendant has a right to be present at a suppression hearing where testimony is to be taken. *See United States v. Hurse,* 477 F.2d 31 (8th Cir. 1973); *United States v. Dalli,* 424 F.2d 45 (2nd Cir.), *cert. denied,* 400 U.S. 821, 91 S.Ct. 39, 27 L.Ed.2d 49 (1970). *See also* 8B J. Moore, *Moore's Federal Practice,* ¶ 43.-03[1] (2nd ed. 1987).

■ Moreover, while a defendant's right to be present is not absolute and may be relinquished by acts or statements of the defendant which constitute a waiver, *Dalli,* the waiver of defendant's presence in this case was made by defense counsel. When a waiver is sought to be accomplished by counsel, extra caution and circumspection is required to ascertain whether counsel is waiving the right or whether defendant voluntarily was doing so through his attorney. *See Hovey v. State,* 104 N.M. 667, 726 P.2d 344 (1986).

■ In *Hovey,* the supreme court rejected the claim that defense counsel waived defendant's right to be present during a communication between court and jury. In spite of counsel's oral waiver, the court noted "[b]ecause defendant was in custody at the time of the communications at issue here, the trial court could not properly infer that he had waived his presence by voluntary absence * * *." 104 N.M. at 671, 726 P.2d at 348. Such is the case here. Defense counsel had not spoken with defendant. For that matter, it was probable that defendant had yet to receive notice of the hearing. Defendant could not voluntarily, knowingly and intelligently waive his presence. Thus here, as in *Hovey,* counsel's waiver was ineffective. Since the suppression hearing was critical to defendant's case, he had a right to be present and, under statutory as well as case law, it was error to proceed with the hearing in defendant's absence.

## CONSTITUTIONALITY OF SECTION 30-7-2

■ Defendant argues that Section 30-7-2, the prohibition against carrying a concealed weapon, violates equal protection. *See State v. Franklin,* 78 N.M. 127, 428 P.2d 982 (1967). This issue was not presented to the trial court; however, defendant's claim that the statute creating an offense is unconstitutional may be raised for the first time on appeal since it is jurisdictional. *See State v. Austin,* 80 N.M. 748, 461 P.2d 230 (Ct.App.1969).

■ Defendant contends the statute impermissibly distinguishes between rich and poor in that home and vehicle owners may properly conceal weapons, but poor people do not own a residence or vehicle in which to conceal a weapon. This argument is without merit. Since poverty is not a suspect class, the court presumes constitutionality and requires only that the classification challenged be rationally related to a legitimate state interest. *See City of New Orleans v. Dukes,* 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976); *Chapman v. Luna,* 101 N.M. 59, 678 P.2d 687 (1984), *cert. denied,* 474 U.S. 947, 106 S.Ct. 345, 88 L.Ed.2d 292 (1985). We think it obvious that the state has a legitimate interest in

the safety of its citizens and their awareness of a potential deadly weapon. The purpose of the statute is for the protection of society. Defendant's constitutional argument must be rejected. *See State v. Sandoval,* 98 N.M. 417, 649 P.2d 485 (Ct. App.1982).

## CONCLUSION

In sum, we hold that it was error for the trial court to proceed with the suppression hearing in defendant's absence and reverse and remand.

IT IS SO ORDERED.

BIVINS, and MINZNER, JJ., concur.