This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39576**

**LAKEVIEW LOAN SERVICING, LLC,**

      Plaintiff/Counterdefendant-Appellee,

v.

**JANICE E. VIESEL a/k/a JANICE VIESEL, and THE ESTATE OF BENJAMIN A. GARCIA, by and through it's Personal Representative JANICE VIESEL,**

      Defendants/Counterclaimants/
      Third-Party Plaintiffs-Appellants,

v.

**M&T BANK, LLC,**

      Third-Party Defendant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**James A. Noel, District Judge**

McCarthy & Holthus, LLP
Jason C. Bousliman
Albuquerque, NM

for Appellee

Janice E. Viesel
Rio Rancho, NM

Pro Se Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant Janice E. Viesel, who is self-represented, appeals from a district court order granting summary judgment in favor of Plaintiff on its foreclosure complaint. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review these legal questions de novo." *Id.*

**{3}** In this case, Defendant is not alleging that Plaintiff did not have standing to foreclose. *See Deutsche Bank Nat'l Tr. Co. v. Beneficial N.M. Inc.*, 2014-NMCA-090, ¶ 8, 335 P.3d 217 (stating that in order "to establish standing to foreclose, a lender must show that, at the time it filed its complaint for foreclosure, it had: (1) a right to enforce the note, which represents the debt, and (2) ownership of the mortgage lien upon the debtor's property"). In addition, Plaintiff's motion for summary judgment indicated that Defendant had defaulted on the debt and that foreclosure was warranted absent some defense that Defendant might have raised. [RP 495] *See Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241 ("The movant need only make a prima facie showing that he is entitled to summary judgment.").

**{4}** Defendant's challenge to the grant of summary judgment continues to be that she had hoped to have additional forbearance on the payments, that she attempted to settle the dispute with various offers, and that Plaintiff acted in bad faith. Defendant had entered into a forbearance plan, but that plan ended in January 2014, and thereafter Defendant remained obligated to make timely payments and pay debt due. [RP 544] Defendant maintains that Plaintiff engaged in bad faith thereafter because it pursued foreclosure instead of modification. However, this was a matter within the discretion of the parties, and it was not the district court's role to impose a new contract on the parties. *See Davies v. Boyd*, 1963-NMSC-164, ¶ 4, 73 N.M. 85, 385 P.2d 950 (stating that "[t]he court's duty is confined to interpretation of the contract which the parties made for themselves and may not alter or make a new agreement for the parties"); *Sims v. Craig*, 1981-NMSC-046, ¶ 6, 96 N.M. 33, 627 P.2d 875 (stating that a substituted contract requires "(1) an existing and valid contract, (2) an agreement to the new contract by all parties, (3) a new valid contract, and (4) an extinguishment of the old contract by the new one"). It was not enough in this case for Defendant to have a unilateral expectation that a new contract would materialize from her communications with Plaintiff. Because Defendant has not established that there is any factual dispute relating to her failure to make mortgage payments after January 2014, or to satisfy amounts past due, we conclude that the district court did not err in granting summary judgment. *See Firstenberg v. Monribot*, 2015-NMCA-062, ¶ 57, 350 P.3d 1205 (stating that an appellant has the burden to clearly demonstrate the district court's error).

**{5}** For the reasons set forth above, we affirm.

**{6}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**