This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40416

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MONIQUE MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we affirm for the following reasons.

**{2}** Defendant appeals the district court's judgment and sentence, convicting her of felon in possession of a firearm. Defendant contends that the statute criminalizing the possession of a firearm by a felon is unconstitutional as applied to her under the United States and New Mexico Constitutions because her prior convictions were for nonviolent offenses. [BIC 1, 4-26] Defendant admits that all the constitutional arguments she raises on appeal were not preserved. [BIC 4] She asks that we address them for the first time on appeal on grounds that addressing the right to possess a firearm constitutes a matter of "general public interest" pursuant to the discretionary exception to the preservation rule. [BIC 4-5] *See* Rule 12-321(B)(2)(a) NMRA (providing that an appellate court may, in its discretion, consider unpreserved issues involving "general public interest").

**{3}** Defendant's failure to preserve the novel constitutional arguments she raises on appeal is not a mere technical oversight that we may overlook in the greater public interest. There are specific preservation requirements where an appellant asserts the violation of a state constitutional right that has not been interpreted differently than its federal analog. *State v. Gomez*, 1997-NMSC-006, ¶¶ 22-23, 122 N.M. 777, 932 P.2d 1. All preservation requirements are designed to require the development of facts in the trial court, allow the trial court to correct any mistake, and to give the opposing party a fair opportunity to respond. *Id.* ¶ 29. These requirements are particularly important to assist in our development of constitutional law and to ensure that we are deciding novel constitutional questions that are actually presented by the facts. *See Allen v. LeMaster*, 2012-NMSC-001, ¶ 28, 267 P.3d 806 (observing that "courts exercise judicial restraint by deciding cases on the narrowest possible grounds and avoid reaching unnecessary constitutional issues"); *Kilgore v. Fuji Heavy Indus. Ltd.*, 2009-NMCA-078, ¶ 50, 146 N.M. 698, 213 P.3d 1127 (setting forth the primary purposes of preservation, including the creation of "a record sufficient to allow this Court to make an informed decision regarding the contested issue").

**{4}** In the current case, Defendant's failure to preserve her constitutional arguments undermines all the purposes of preservation. Notably, the lack of preservation of this matter in district court resulted in a record that lacks factual support for Defendant's representation that she is not a dangerous or violent felon. *See State v. Jim*, 1988-NMCA-092, ¶ 3, 107 N.M. 779, 765 P.2d 195 ("It is [the appellant's] burden to bring up a record sufficient for review of the issues [raised] on appeal."). Thus, Defendant's premise that she is a not a violent or dangerous felon and can challenge the constitutionality of the statute as applied to her is not grounded in facts established in the record. And, "[m]atters outside the record present no issue for review." *State v. Harrison*, 2010-NMSC-038, ¶ 10, 148 N.M. 500, 238 P.3d 869 (internal quotation marks and citation omitted). Even in cases with issues that may be raised at any time or for the first time on appeal, our appellate courts will only address the merits where the record supports the issues raised. *See, e.g., State v. Lewis*, 2017-NMCA-056, ¶ 13, 399 P.3d 954 (observing that although a double jeopardy challenge need not be preserved and may be raised at any time, there must be a factual basis in the record to support the claim); *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (explaining that a claim that counsel was ineffective may be raised for the first time on appeal, but it must be shown on the record).

**{5}** In the current case, the State has not stipulated that Defendant is not a dangerous or violent felon; rather, the State disputes the need for a victim of a violent offense in order to criminalize possession of firearm by a felon and points out that Defendant's prior felony conviction was for commercial burglary, as shown only by the supplemental criminal information in the record. [AB 3 n.2; 1 RP 239] New Mexico case law expressly considers burglary to be an "inherently dangerous crime." *See State v. Vandenberg*, 2003-NMSC-030, ¶ 22, 134 N.M. 566, 81 P.3d 19; *State v. Barragan*, 2001-NMCA-086, ¶ 13, 131 N.M. 281, 34 P.3d 1157 ("[B]urglary [is] an inherently dangerous crime for which officers may assume that a suspect is likely to be armed."); *State v. Cobbs*, 1985-NMCA-105, ¶ 35, 103 N.M. 623, 711 P.2d 900.

**{6}** We will not assume that Defendant's burglary was not a violent or dangerous act on the basis of Defendant's assertion, because to do so would be unfair to the State and we do not assume facts that do not appear in the record. *See State ex rel. Hum. Servs. Dep't v. Rawls*, 2012-NMCA-052, ¶ 13, 279 P.3d 766 (refusing to assume certain reasons for the district court's ruling that were not supported by the record, quoting *State v. Thayer*, 1969-NMCA-086, ¶ 15, 80 N.M. 579, 458 P.2d 831, for the proposition that "[w]e will not assume facts unsupported by the record"); *State v. Sandoval*, 1966-NMSC-143, ¶ 5, 76 N.M. 570, 417 P.2d 56 (refusing to assume facts that do not appear in the record in order to address an allegation of error on appeal). It is particularly inappropriate for this Court to assume that Defendant is not a dangerous or violent felon in order to reach out to the unpreserved, novel constitutional issues presented in this case. *See Allen*, 2012-NMSC-001, ¶ 28 ("It is an enduring principle of constitutional jurisprudence that courts will avoid deciding constitutional questions unless required to do so.").

**{7}** For these reasons, we do not exercise our discretion to address the unpreserved issues Defendant has brought before us. *Cf. State v. McDuffie*, 1987-NMCA-077, ¶¶ 3, 13-14, 106 N.M. 120, 739 P.2d 989 (addressing the defendant's unpreserved constitutional argument that the statute prohibiting him from carrying a concealed weapon violates the equal protection rights of those without a home or vehicle and observing that the defendant was "homeless" and a "'street person'" who received mail at a shelter, showing the existence of facts establishing that the defendant was among the people he sought to protect). Because we do not resolve the constitutional issues and Defendant does not present any allegations of district court error, we affirm the district court's judgment and sentence.

**{8}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**