This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41422**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JOSHUA SHANE FREEMAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Emily Bowen, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** This matter was submitted to this Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, the answer brief, and the reply brief, we affirm for the following reasons.

**{2}** Defendant was charged with Criminal Sexual Penetration (CSP) in the second degree based on acts perpetrated against his stepdaughter, who was sixteen or seventeen at the time. *See* NMSA 1978, § 30-9-11(E)(1) (2009) (criminalizing any sexual penetration of a child between the ages of thirteen and eighteen years old by the use of force or coercion). [1 RP 11; BIC 2-3] After the jury retired to begin its deliberations, it sent two separate notes to the district court seeking clarification on the law. The first note asked whether the charge of CSP was considered comparable in New Mexico to statutory rape. [1 RP 225; 237] The district court asked defense counsel whether he wanted Defendant to be present, and counsel indicated that he did not think Defendant needed to be present. [BIC 6; AB 5; 1 RP 237] The district court and counsel then agreed to send back a note telling the jury, "The elements of the offense are in jury instruction [number] 4." [1 RP 225, 237] Fifteen minutes later, the jury sent a second note asking for the legal definition of "physical force." [1 RP 227, 238] Defense counsel again asked that Defendant's appearance be waived due to the nature of the question, and the district court agreed. Counsel and the district court then discussed whether a definitional instruction had been omitted and concluded that no uniform jury instruction (UJI) defined the term. [1 RP] The district court then sent a note to the jury stating, "The law governing this case [is] contained in the instructions you were given." [1 RP 227, 238]

**{3}** Defendant argues that the district court violated his constitutional and statutory right to be present at critical stages of the proceedings against him by reading and responding to questions from the jury while he was absent from the courtroom and that his attorney could not validly waive his presence. [BIC 11-16]

**{4}** "There is no dispute that a criminal defendant charged with a felony has a constitutional right to be present and to have the assistance of an attorney at all critical stages of a trial." *State v. Padilla*, 2002-NMSC-016, ¶ 11, 132 N.M. 247, 46 P.3d 1247; *see also State v. Sloan*, 2019-NMSC-019, ¶ 10, 453 P.3d 401 ("If a particular stage of a criminal proceeding is critical, then the Due Process Clause of the Fourteenth Amendment confers upon the defendant the right to be present at that stage in the proceeding."). "Rule 5-612(A) [NMRA] encompasses the constitutional right of presence, entitling a defendant to be present at every stage of the trial." *Padilla*, 2002-NMSC-016, ¶ 11; *see also* Rule 5-612(A) (stating that "[e]xcept as otherwise provided by these rules, the defendant shall be present at all proceedings, including the arraignment, all hearings and conferences, argument, the jury trial and during all communications between the court and the trial jury"). Additionally, Rule 5-610(D) NMRA "provides that all communications between judge and jury relevant to the case occur in open court and in the presence of the defendant." *State v. Jojola*, 2006-NMSC-048, ¶ 8, 140 N.M. 660, 146 P.3d 305; *see also* Rule 5-610(D) ("The defendant shall be present during all communications between the court and the jury unless the defendant has signed a written waiver of the right to be personally present."). "Notwithstanding the breadth of Rule 5-612(A), Rule 5-612(D) specifies certain situations in which the defendant's presence is not required, including proceedings that involve only a conference or hearing upon a question of law." *Sloan*, 2019-NMSC-019, ¶ 12 (internal quotation marks omitted).

**{5}** We first consider whether the district court violated Defendant's right to be present during its communications with the jury under Rules 5-612 and 5-610. *See Hovey v. State*, 1986-NMSC-069, ¶ 16, 104 N.M. 667, 726 P.2d 344 (declining to reach the question whether the defendant's constitutional right to be present during communications with the jury was violated where the appellate court first determined that the defendant's right was violated under the rules of procedure). This requires that we engage in a two-fold inquiry. We first must determine whether the district court's communication with the jury concerned the subject matter of the case. *See State v. Baca*, 1997-NMSC-059, ¶ 39, 124 N.M. 333, 950 P.2d 776 (recognizing that the trial court violates a defendant's right to be present under Rule 5-612(A) "only if the judge's discussion with a juror concerns the subject matter of the case" (emphasis omitted)); *see also Jojola*, 2006-NMSC-048, ¶ 7 (discussing Rule 5-610's requirements that communications with the jury concerning the subject matter of the court proceedings be in open court and in the presence of the accused and their counsel). If so, then a presumption of prejudice arises, and "the [s]tate bears the burden of rebutting that presumption by making an affirmative showing on the record that the communication did not affect that jury's verdict." *State v. Aguilar*, 2019-NMSC-017, ¶ 41, 451 P.3d 550 (internal quotation marks and citation omitted); *see Baca*, 1997-NMSC-059, ¶ 39.

**{6}** In determining whether an improper communication with the jury has occurred, we distinguish between communications relevant to an issue at trial and those involving merely "ministerial" or "housekeeping" matters. *See Aguilar*, 2019-NMSC-017, ¶¶ 39-41. In this case, the notes from the jury sought a definitional instruction on an essential element as well as clarification on how the charged offense related to other law. The district court's responses to the jury therefore concerned the subject matter of the case. *Compare State v. McClure*, 1980-NMCA-067, ¶ 8, 94 N.M. 440, 612 P.2d 232 (discussing that the communications concerned the subject matter of the case where the district court gave the jury a definitional instruction), *with Jojola*, 2006-NMSC-048, ¶ 9 (noting that "issues relating to a juror's personal comfort or responding to a simple request for an extra copy of the written jury instructions already provided to the jury are ministerial").

**{7}** The State argues, however, that the discussion only concerned how to respond to the jury's questions, which were "entirely related to questions of law," and therefore the district court's communications with the jury fell under the exception stated in Rule 5-612(D)(3). *See id.* (providing that the defendant's presence is not required "when the proceeding involves only a conference or hearing upon a question of law"). [AB 6] We disagree. Rule 5-612(D)(3) has only been applied in limited circumstances, including pretrial hearings concerning scheduling, motions in limine regarding expert witness qualifications, and the scope of witness testimony. *See Sloan*, 2019-NMSC-019, ¶¶ 24, 27, 29. Rule 5-612(D)(3) has not been applied to communications with the jury regarding the case during jury deliberations. On the contrary, Rule 5-610(D), which serves to clarify the procedure for communications between the judge and the jury after the jury has retired to consider the verdict, expressly provides that the defendant is to be present during all communications with the jury regarding issues in the case, unless

his or her appearance is waived.[1] *See State v. Saavedra*, 1979-NMCA-096, ¶ 5, 93 N.M. 242, 599 P.2d 395 ("The law in New Mexico is well-settled that it is improper for the trial court to have any communication with the jury concerning the subject matter of the court proceedings, except in open court and in the presence of the accused and [their] counsel."); *see also* Rule 5-610 comm. cmt.

**{8}** Under these circumstances, a presumption of prejudice arises, and the State must make an affirmative showing on the record that the communications did not affect the verdict. *See Baca*, 1997-NMSC-059, ¶ 39. The State contends that the communications did not affect the jury's verdict because the district court's responses merely directed the jury to the jury instructions already given. [AB 7-8] We agree that the district court's responses did no more than reiterate that the jury was to refer to the instructions given in reaching its verdict and did not alter them in any way. *See McClure*, 1980-NMCA-067, ¶ 8 (recognizing that courts have held that "the presumption of prejudice may be overcome where the improper communication to the jury was merely a restatement of an instruction already given").

**{9}** Defendant argues, however, that had he been present he could have advocated for more thorough answers to the jury's questions. [RB 2] Defendant points out that the jury's first question implied a confusion regarding whether conviction was possible based on the age of the victim alone, and defense counsel considered, but decided against, requesting that the jury be instructed that additional elements were required. [BIC 18] Defendant also argues that if he had been present he could have argued for the district court to instruct the jury that the term "force" should be given its ordinary meaning in response to the jury's second question. [BIC 18-19] However, there is no suggestion that the district court's responses misstated the law or otherwise misdirected the jury in its deliberations. *Cf. Hovey*, 1986-NMSC-069, ¶ 13 (holding that the Court of Appeals erred in determining that communications with the jury outside of the defendant's presence were not prejudicial where the trial court's answers to the jury's questions improperly characterized the evidence and limited the scope of the jury's deliberations).

**{10}** The jury instruction submitted on CSP was based on the UJI and set out the elements of the offense, and the jury was instructed that it had to find each element in order to convict. [RP 213] *See* UJI 14-956A NMRA; *see also State v. Ortega*, 2014-NMSC-017, ¶ 32, 327 P.3d 1076 ("Uniform jury instructions are presumed to be correct."); *Jackson v. State*, 1983-NMSC-098, ¶ 5, 100 N.M. 487, 672 P.2d 660 ("When a uniform jury instruction is provided for the elements of a crime, generally that instruction must be used without substantive modification."). Additionally, when a word or term has a common meaning, "there is no error in refusing an instruction defining the word or term." *State v. Munoz*, 2006-NMSC-005, ¶ 24, 139 N.M. 106, 129 P.3d 142

---

[1]The State makes no argument that defense counsel's attempt to waive defendant's right to be present was valid. *See* Rule 5-610D) (requiring a signed waiver of the defendant's right to be present during communications with the jury); *see also State v. McDuffie*, 1987-NMCA-077, ¶ 12, 106 N.M. 120, 739 P.2d 989 (discussing that the defense counsel could not waive the defendant's right to be present where counsel did not speak with the defendant and the defendant had no notice of the hearing).

(internal quotation marks and citation omitted). Here, we conclude that "physical force and physical violence" have commonly understood meanings, no additional definition was required, and the jury instructions articulated an accurate statement of the law. *See State v. Mascareñas*, 2000-NMSC-017, ¶ 19, 129 N.M. 230, 4 P.3d 1221 (stating that failure to give a definitional instruction on a term is not failure to instruct on an essential element of a crime). Under these circumstances, we agree with the State that the presumption of prejudice was overcome and reversal is therefore not warranted.

**{11}** For these reasons, we affirm Defendant's conviction.

**{12}  IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**KATHERINE A. WRAY, Judge**